IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEWSGUARD TECHNOLOGIES, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> FEDERAL TRADE COMMISSION and ANDREW FERGUSON, in his official capacity as Chairman of the Federal Trade Commission, <br><br> *Defendants.* | Civil Action No.: 1:26-cv-00353-DLF <br><br> **ORAL ARGUMENT REQUESTED** |

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff NewsGuard Technologies, Inc. ("NewsGuard") moves under Federal Rule of Civil Procedure 65 for a preliminary injunction against all Defendants, and submits the following, as elaborated upon in the accompanying Memorandum in Support of Motion for Preliminary Injunction.

On May 20, 2025, the Federal Trade Commission ("FTC") issued an expansive CID to NewsGuard demanding a vast number of confidential and sensitive documents. The CID requires production of virtually all documents, information, and records of NewsGuard from the company's inception to the present, including materials relating to NewsGuard's analyses, methodology, editorial judgments, journalism, and reporting. It further requires identification of NewsGuard's customers and subscribers, as well as production of NewsGuard's communications and financial records.

1

Defendants also imposed a condition on the merger of Omnicom Group Inc. ("Omnicom") and the Interpublic Group of Companies, Inc. ("IPG") that prohibits the merged entity from contracting with NewsGuard or using its rating services. Following a multiyear campaign by Newsmax urging lawmakers and administration officials to use state power to silence NewsGuard's speech, Defendants barred Omnicom from using third-party services that evaluate "viewpoints as to the veracity of news reporting" and "adherence to journalistic standards or ethics," a condition that directly targets NewsGuard and its rating service.[1]

Defendants' actions violate NewsGuard's First and Fourth Amendment rights. First, the FTC's CID and the conditions imposed by the Omnicom Consent Order represent unconstitutional retaliation because they target NewsGuard's journalistic activity in a manner sufficient to deter a person of ordinary firmness from engaging in protected expression. Second, Defendants' open-ended investigation of NewsGuard—including demands for reporters' notes, subscriber lists, and financial records—infringes NewsGuard's First and Fourth Amendment rights and cannot satisfy constitutional scrutiny. Third, Defendants have unlawfully suppressed NewsGuard's protected expression through the Consent Order by coercing Omnicom to sever business ties with NewsGuard, accomplishing indirectly what Defendants may not do directly.

Defendants' actions are causing NewsGuard irreparable harm by chilling its First Amendment activity, forcing the diversion of resources from journalism to

---

[1] *In re Omnicom Group Inc.*, ¶¶ 1.D, 2.A, No. C-4823 (Sept. 26, 2025).

regulatory compliance, and deterring NewsGuard's clients from associating with the organization. Because NewsGuard is likely to succeed on the merits, the balance of equities strongly favors injunctive relief: there is a substantial public interest in ensuring that the government complies with the Constitution, and Defendants have no legitimate interest in enforcing unconstitutional regulatory actions. *See Media Matters for Am. v. Paxton*, 138 F.4th 563, 585 (D.C. Cir. 2025).

For these reasons, the Court should grant this Motion and order that:

1. The FTC, Chairman Ferguson, his officers, agents, servants, and employees, during the course of this matter and until otherwise ordered by this Court or the case reaches finality, are enjoined from initiating any action to enforce the CID.

2. The FTC, Chairman Ferguson, his officers, agents, servants, and employees, during the course of this matter and until otherwise ordered by this Court or the case reaches finality, are enjoined from initiating any action to enforce the Omnicom-IPG merger condition.

A proposed order is attached.

Pursuant to Local Civil Rule 7(m), on February 9, 2026, counsel for Plaintiff conferred in good faith with counsel for Defendants prior to filing the present motion to determine whether Defendants oppose the relief sought. Defendants advised they will oppose the motion for a preliminary injunction and requested Plaintiff's agreement to set a date for filing its opposition of forty-five days after the motion is filed. Plaintiff did not consent to the extension of time for filing. On February 10,

2026, Defendants advised Plaintiff's counsel that they plan to request a thirty-day extension for filing a response, which Plaintiff opposes.

Dated: February 11, 2026                    Respectfully Submitted,

/s/ Robert Corn-Revere
   Robert Corn-Revere
   (D.C. Bar No. 375415)
James C. Grant
   (WA Bar No. 14358)
Sara E. Berinhout
   (MA Bar No. 703217)
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
700 Pennsylvania Ave. SE, Ste. 340
Washington, DC 20003
(215) 717-3473
bob.corn-revere@fire.org
jim.grant@fire.org
sara.berinhout@fire.org

*Counsel for Plaintiff*

4