# Exhibit 15

United States of America
Federal Trade Commission

## *Civil Investigative Demand*

| 1. TO | 1a. MATTER NUMBER |
|---|---|
| NewsGuard Technologies, Inc.<br>25 W. 52nd Street, 15th Floor<br>New York, NY 10019 | FTC File No. 251-0061 |

This demand is issued pursuant to Section 20 of the Federal Trade Commission Act, 15 U.S.C. § 57b-1, in the course of an investigation to determine whether there is, has been, or may be a violation of any laws administered by the Federal Trade Commission by conduct, activities or proposed action as described in Item 3.

### 2. ACTION REQUIRED

☐ You are required to appear and testify.

| LOCATION OF HEARING | YOUR APPEARANCE WILL BE BEFORE |
|---|---|
| | No appearance required. |
| | DATE AND TIME OF HEARING OR DEPOSITION |

☒ You are required to produce all documents described in the attached schedule that are in your possession, custody, or control, and to make them available at your address indicated above for inspection and copying or reproduction at the date and time specified below.

☒ You are required to answer the interrogatories or provide the written report described on the attached schedule. Answer each interrogatory or report separately and fully in writing. Submit your answers or report to the Records Custodian named in Item 4 on or before the date specified below.

☐ You are required to produce the tangible things described on the attached schedule. Produce such things to the Records Custodian named in Item 4 on or before the date specified below.

DATE AND TIME THE DOCUMENTS, ANSWERS TO INTERROGATORIES, REPORTS, AND/OR TANGIBLE THINGS MUST BE AVAILABLE

30 days from the Issued date below - June 19, 2025 by 5:00 pm ET

### 3. SUBJECT OF INVESTIGATION

See attached.

| 4. RECORDS CUSTODIAN/DEPUTY RECORDS CUSTODIAN | 5. COMMISSION COUNSEL |
|---|---|
| Helder Agostinho, Deputy Assistant Director | Justin Epner, Attorney |

| DATE ISSUED<br>5/20/2025 | COMMISSIONER'S SIGNATURE |
|---|---|

### INSTRUCTIONS AND NOTICES

The delivery of this demand to you by any method prescribed by the Commission's Rules of Practice is legal service and may subject you to a penalty imposed by law for failure to comply. The production of documents or the submission of answers and report in response to this demand must be made under a sworn certificate, in the form printed on the second page of this demand, by the person to whom this demand is directed or, if not a natural person, by a person or persons having knowledge of the facts and circumstances of such production or responsible for answering each interrogatory or report question. This demand does not require approval by OMB under the Paperwork Reduction Act of 1980.

### PETITION TO LIMIT OR QUASH

The Commission's Rules of Practice require that any petition to limit or quash this demand be filed within 20 days after service, or, if the return date is less than 20 days after service, prior to the return date. The original and twelve copies of the petition must be filed with the Secretary of the Federal Trade Commission, and one copy should be sent to the Commission Counsel named in Item 5.

### YOUR RIGHTS TO REGULATORY ENFORCEMENT FAIRNESS

The FTC has a longstanding commitment to a fair regulatory enforcement environment. If you are a small business (under Small Business Administration standards), you have a right to contact the Small Business Administration's National Ombudsman at 1-888-REGFAIR (1-888-734-3247) or www.sba.gov/ombudsman regarding the fairness of the compliance and enforcement activities of the agency. You should understand, however, that the National Ombudsman cannot change, stop, or delay a federal agency enforcement action.

The FTC strictly forbids retaliatory acts by its employees, and you will not be penalized for expressing a concern about these activities.

### TRAVEL EXPENSES

Use the enclosed travel voucher to claim compensation to which you are entitled as a witness for the Commission. The completed travel voucher and this demand should be presented to Commission Counsel for payment. If you are permanently or temporarily living somewhere other than the address on this demand and it would require excessive travel for you to appear, you must get prior approval from Commission Counsel.

A copy of the Commission's Rules of Practice is available online at http://bit.ly/FTCSRulesofPractice. Paper copies are available upon request.

**Civil Investigative Demand to NewsGuard Technologies, Inc.**

### CIVIL INVESTIGATIVE DEMAND
### ISSUED TO NEWSGUARD TECHNOLOGIES, INC.
### FTC FILE NO. 251-0061

Unless modified by agreement with the staff of the Federal Trade Commission (the "Commission" or the "FTC"), each Specification of this Civil Investigative Demand ("CID") requires a complete search of NewsGuard Technologies, Inc. ("NewsGuard") as defined in the Definitions, which appear after the following Specifications. Pursuant to the Commission's Rules of Practice, 16 C.F.R. § 2.7(k), NewsGuard representatives must confer with the Commission representative identified in the final instruction of this CID within fourteen days after receipt of this CID. If NewsGuard believes that the required search or any other part of this CID can be narrowed in any way that is consistent with the Commission's need for information, you are encouraged to discuss such questions and possible modifications with the Commission representative. All modifications to this CID must be agreed to in writing pursuant to the Commission's Rules of Practice, 16 C.F.R. § 2.7(l).

1.  State where NewsGuard is incorporated and registered and provide a copy of NewsGuard's articles of incorporation and statutes.

2.  State the location and full physical address of each of NewsGuard's offices in the United States and worldwide.

3.  Provide NewsGuard organizational charts from 2018 through the present or other documents sufficient to show all NewsGuard personnel over the same time period with responsibility for the following: News Reliability Ratings and any other rating, label, or categorization maintained by NewsGuard, including "nutrition labels"; Misinformation Fingerprints; FAILSafe for AI; AI Safety Suite; NewsGuard for Advertising; Media Intelligence Dashboard; TV/CTV Reliability Ratings; Podcast Reliability Ratings; HealthGuard; and any other product, program, project, work, or special report relating to data, analysis, or journalism that helps companies or consumers distinguish between sources of information online.

4.  Describe each product and service that NewsGuard currently offers or has offered from 2018 through the present.

5.  Provide all documents relating to NewsGuard's News Reliability Ratings and any other rating, label, or categorization maintained by NewsGuard; Misinformation Fingerprints; AI Safety Suite; NewsGuard for Advertising; Intelligence Dashboard; Nutrition Labels; or any other product, program, project, work, or special report relating to data, analysis, or journalism that helps companies or consumers distinguish between sources of information online.

6.  Provide all communications between NewsGuard and any other party regarding any request for NewsGuard to apply a particular reliability rating to any news or information outlet, regardless of whether the request was fulfilled.

1

**Civil Investigative Demand to NewsGuard Technologies, Inc.**

7.   Provide all documents relating to any complaints that NewsGuard received related to its activities, programs, or policies, including but not limited to complaints regarding NewsGuard's decision to apply a reliability rating to any content.

8.   Provide all communications between NewsGuard and any advertiser, advertising agency, or any person acting as an agent of an advertiser, including but not limited to demand side platforms and supply side platforms, related to brand safety or any of the NewsGuard programs identified in Specification 4 and 5.

9.   Provide all documents relating to other entities that engage, either directly or indirectly, in tracking, categorizing, monitoring, analyzing, evaluating, or rating news, media, sources, outlets, websites, or other content publisher entities for "brand suitability," "reliability," "misinformation," "hate speech," "false" or "deceptive" content, or similar categories. This request includes but is not limited to communications between NewsGuard and any person connected to these entities. For purposes of this Specification, such entities include but are not limited to:

   a.   The World Federation of Advertisers ("WFA");

   b.   The Global Alliance for Responsible Media ("GARM");

   c.   The Global Disinformation Index ("GDI");

   d.   The Interactive Advertising Bureau ("IAB");

   e.   Ad Fontes Media, Inc.;

   f.   The Check My Ads Institute;

   g.   Integral Ad Science ("IAS");

   h.   DoubleVerify;

   i.   Barometer;

   j.   Media Matters for America;

   k.   The Center for Countering Digital Hate;

   l.   Nelez; or

   m.   The Media Roundtable.

10.  Provide all documents, including letters, narrative responses, and other materials, produced by NewsGuard to the United States Congress as part of a congressional investigation into media censorship, freedom of speech, or NewsGuard activities, including but not limited to documents in Your possession, custody, or control relating to or cited in:

**Civil Investigative Demand to NewsGuard Technologies, Inc.**

    a.   The United States House of Representatives Committee on the Judiciary July 10, 2024 Interim Staff Report entitled "GARM's Harm: How the World's Biggest Brands Seek to Control Online Speech;" and

    b.   The United States House of Representatives Committee on Small Business, Interim Staff Report entitled "Small Business: Instruments and Casualties of the Censorship-Industrial Complex."

11.    Submit one or more Data Sets sufficient to show for any news, media, sources, outlets, websites, or other content publisher entities rated, evaluated, assigned a label, or otherwise scored by NewsGuard:

    a.   The name of the entity;

    b.   The address of any website(s) associated with the entity;

    c.   Any unique identifier(s) used to identify the entity across NewsGuard's databases or data sets; and

    d.   Any categorization of the entity, including but not limited to whether the entity is associated news, satirical, or platform content.

12.    For each entity identified in Specification 11, submit one or more Data Sets sufficient to show, from 2018 through the present:

    a.   The entity's News Reliability Rating, including any scoring changes and when those changes occurred;

    b.   The scoring of the component criteria used to calculate the entity's News Reliability Rating, including any scoring changes and when those changes occurred; and

    c.   Any other rating, label, or categorization of entities maintained by NewsGuard, including any changes and when those changes occurred.

13.    Provide any list produced, licensed, sold, or otherwise provided by You to any third party that evaluates or categorizes any news, media, sources, outlets, websites, or other content publisher entities by credibility or any other categorical metric maintained by NewsGuard.

14.    Provide documents and data sufficient to show the methodology by which NewsGuard evaluates or categorizes any news, media, sources, outlets, websites, or other content publisher entities, including but not limited to the process NewsGuard uses to select the sample of articles on which to rate the entity.

15.    Provide documents and data sufficient to show the methodology by which NewsGuard determines the ratings, labels, or categorizations that it applies to news or information sites.

**Civil Investigative Demand to NewsGuard Technologies, Inc.**

16.     Provide any analysis, evaluation, and/or assessment performed by or provided to NewsGuard of the effect of NewsGuard's News Reliability Rating or any other rating, label, or categorization maintained by NewsGuard, on the profits, revenues, unique visitors, subscribers, or any other business metric of any news, media, sources, outlets, websites, or other content publisher entities rated, evaluated, assigned a label, or otherwise scored by NewsGuard, and all data sets and code that would be necessary to replicate the analysis.

17.     Provide all documents reflecting allegations that NewsGuard's reliability ratings are politically biased.

18.     Provide all documents reflecting allegations that NewsGuard's reliability ratings or rating criteria are unreliable, subjective, unscientific, or otherwise methodologically unsound.

19.     Provide all documents relating to the effect of NewsGuard's reliability rating or any other rating, label, or categorization maintained by NewsGuard, on the profits, revenues, unique visitors, subscribers, or any other business metric of any news, media, sources, outlets, websites, or other content publisher entities rated, evaluated, assigned a label, or otherwise scored by NewsGuard.

20.     Provide all documents relating to any benefits to advertisers or to advertising brands that come from using any of NewsGuard products,

21.     Provide all documents relating to NewsGuard's claim that "Advertising with NewsGuard unlocks: Premium inventory at lower CPMs, driving significant cost efficiencies; Highly engaged news audiences across the political spectrum; Quality environments that boost campaign performance and generate results; [and] Brand integrity and content alignment that creates opportunities rather than restrictions." (https://www.newsguardtech.com/solutions/newsguard-for-advertising/).

22.     Provide all documents relating to the purpose of NewsGuard's News Reliability Rating or any other rating, label, or categorization maintained by NewsGuard, including but not limited to promotional and advertising materials created and/or disseminated by NewsGuard.

23.     Provide all documents relating to NewsGuard's use of AI technology to provide any of its services.

24.     Provide all documents relating to NewsGuard working with ad tech, technology, or developer companies to develop and advance any of NewsGuard's programs, policies, and objectives, including but not limited to any agreements between NewsGuard and these companies.

25.     Provide all analyses or studies NewsGuard conducted, sponsored, or commissioned relating to advertising on social media or digital advertising platforms, and all data sets and code that would be necessary to replicate the analysis.

4

**Civil Investigative Demand to NewsGuard Technologies, Inc.**

26.  Submit one or more Data Sets sufficient to show, for each customer of NewsGuard services (excluding subscribers to the Reality Check newsletter or the NewsGuard browser extension):

   a.  The name of the customer;

   b.  Any unique identifier(s) used to identify the customer across NewsGuard's databases or data sets; and

   c.  Any categorization of the customer type, including but not limited to whether the customer is educational, not-for-profit, governmental, and/or a business.

27.  Provide each financial statement, budget, profit and loss statement, cost center report, profitability report, and any other financial report regularly prepared by or for NewsGuard on any periodic basis. For each such statement, budget, or report, state how often it is prepared, and identify the employees responsible for its preparation; provide all such statements and reports on both a quarterly basis and a yearly basis.

28.  Submit one or more Data Sets sufficient to show, for each year from 2018 through present:

   a.  In total and by each product or service offered by NewsGuard:

      i)   Revenues;

      ii)  Revenue deductions or adjustments, including but not limited to discounts;

      iii) Costs of goods sold;

      iv)  Operating expenses;

      v)   Gross margin, including specifying the formula for calculating gross margin;

      vi)  Net margin, including specifying the formula for calculating net margin;

      vii) EBITDA;

      viii) EBITDA margin;

      ix)  Total number of licenses; and

      x)   Total number of customers, including by customer type.

   b.  By customers for each customer of NewsGuard identified in Specification 26, in total and by each product or service offered by NewsGuard:

      i)   Gross payments received from the customer;

      ii)  Payment deductions or adjustments, including but not limited to discounts;

**Civil Investigative Demand to NewsGuard Technologies, Inc.**

  iii) Cost of goods sold; and

  iv) Total number of licenses.

29. For each Data Set provided in response to any Specification in this Civil Investigative Demand, provide a data dictionary that includes:

  a. A list of field names and a definition for each field contained in the Data Set;

  b. The meaning of each code that appears as a field value in the Data Set; and

  c. The primary key in the Data Set or table that defines a unique observation.

30. Identify and describe the steps NewsGuard took to preserve documents related to this CID. Submit documents sufficient to show all NewsGuard document retention policies in effect during any portion of the relevant period.

31. Identify the person(s) responsible for preparing the responses to this CID and submit a copy of all instructions prepared by NewsGuard relating to the steps taken to respond. Where oral instructions were given, identify the person who gave the instructions and describe the content of the instructions and the person(s) to whom the instructions were given. For each Specification, identify the individual(s) who assisted in the preparation of the response, with a listing of the persons (identified by name and title or job description) whose files were searched by each. For each Specification requiring a narrative response or data, identify all individuals who provided any information considered or used in drafting the response.

## **DEFINITIONS**

For purposes of this CID, the following Definitions apply:

1. "NewsGuard Technologies Inc.," "You," "Your," and "NewsGuard" mean NewsGuard, together with its successors, predecessors, divisions, wholly- or partially-owned subsidiaries, committees, working groups, alliances, affiliates, and partnerships, whether domestic or foreign; and all the directors, officers, employees, consultants, agents, and representatives of the foregoing. Identify by name, address, and phone number, each agent or consultant.

2. "Agreement" means any oral or written contract, arrangement, or understanding, whether formal or informal, between two or more Persons, together with all modifications or amendments thereto.

3. "Communication" means any exchange, transfer, or dissemination of information, regardless of the means by which it is accomplished.

4. "Data Set" means all or a subset of data held by, or accessible to, NewsGuard in the normal course of business.

**Civil Investigative Demand to NewsGuard Technologies, Inc.**

5.    "Document" and "documents" mean any information, on paper or in electronic format, including written, recorded, and graphic materials of every kind, in the possession, custody, or control of NewsGuard. The term "documents" includes, without limitation: computer files; email messages; text messages; instant messages and chat logs; other Messaging Applications; group chats; voicemails and other audio files; calendar entries; schedulers; drafts of documents; metadata and other bibliographic or historical data describing or relating to documents created, revised, or distributed electronically; copies of documents that are not identical duplicates of the originals in that Person's files; notes of meetings or telephone calls; and copies of documents the originals of which are not in the possession, custody, or control of NewsGuard.

   a.    The term "computer files" includes information stored in, or accessible through, computers or other information retrieval systems. Thus, NewsGuard should produce documents that exist in machine-readable form, including documents stored in personal computers, portable computers, workstations, minicomputers, mainframes, servers, backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether on or off NewsGuard premises. If NewsGuard believes that the required search of backup disks and tapes and archive disks and tapes can be narrowed in any way that is consistent with the Commission's need for documents and information, you are encouraged to discuss a possible modification to this Definition with the Commission representative identified on the last page of this Request. The Commission representative will consider modifying this Definition to:

      i)    exclude the search and production of files from backup disks and tapes and archive disks and tapes unless it appears that files are missing from those that exist in personal computers, portable computers, workstations, minicomputers, mainframes, and servers searched by the NewsGuard;

      ii)   limit the portion of backup disks and tapes and archive disks and tapes that needs to be searched and produced to certain key individuals, certain time periods, or certain Specifications identified by the Commission representative; or

      iii)  include other proposals consistent with Commission policy and the facts of the case.

6.    "Each," "any," and "all" mean "each and every." The terms "and" and "or" have both conjunctive and disjunctive meanings as necessary to bring within the scope of this CID anything that might otherwise be outside its scope. The singular form of a noun or pronoun includes its plural form, and vice versa; and the present tense of any word includes the past tense, and vice versa.

7.    "Identify" or "specify," when used in reference to a natural person, means to state the person's (1) full name; (2) present or last-known residence and telephone number and present or last-known business address and telephone number; and (3) present or last-known employer and job title. For any person identified, if any of the above information was different during the time period relevant to the CID, supply both the current

**Civil Investigative Demand to NewsGuard Technologies, Inc.**

information and such different information as applies to the time period relevant to the CID. Once a natural person has been identified properly, it shall be sufficient thereafter when identifying that same person to state the name only.

"Identify" or "specify," when used in reference to a corporation or other non-natural person, means (1) to state that entity's name; (2) to describe its nature (e.g., corporation, partnership, etc.); (3) to state the location of its principal place of business; and (4) to identify the natural person or persons employed by such entity whose actions on behalf of the entity are responsive to the CID. Once such an entity has been identified properly, it shall be sufficient thereafter when identifying that same entity to state the name only.

"Identify" or "specify," when used in reference to facts, acts, events, occurrences, meetings, or communications, means to describe, with particularity, the fact, act, event, occurrence, meeting, or communication in question, including but not limited to (1) identifying the participants and witnesses of the fact, act, event, occurrence, meeting, or communication; (2) stating the date or dates on which the fact, act, event, occurrence, meeting, or communication took place; (3) stating the location(s) at which the fact, act, event, occurrence, meeting, or communication took place; and (4) providing a description of the substance of the fact, act, event, occurrence, meeting, or communication.

8.  "Include" and "including" mean "including but not limited to." The use of the term "include" in any request shall not be used to limit the generality or scope of any request. Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

9.  "Person" or "persons" includes NewsGuard and means any natural person, corporate entity, sole proprietorship, partnership, association, governmental or non-governmental entity, or trust.

10.  "Relate," "related to," and "relating to" mean, in whole or in part, addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, referring to, reflecting, reporting on, stating, or dealing with.

11.  The term "Messaging Application" refers to any electronic method that has ever been used by NewsGuard and its employees to communicate with each other or entities outside NewsGuard for any business purposes. "Messaging Application" includes platforms, whether for ephemeral or non-ephemeral messaging, for email, chats, instant messages, text messages, and other methods of group and individual communication (e.g., Microsoft Teams, Slack, GroupMe, WhatsApp, Signal, Skype). "Messaging Application" may overlap with "Collaborative Work Environment."

## **INSTRUCTIONS**

For the purposes of this CID, the following Instructions apply:

I 1.  All references to year refer to calendar year.  Unless otherwise specified, each of the Specifications calls for: (1) documents for each of the years from January 1, 2018 to the present; and (2) information for each of the years from January 1, 2018 to the present.

**Civil Investigative Demand to NewsGuard Technologies, Inc.**

Where information, rather than documents, is requested, provide it separately for each year; where yearly data is not yet available, provide data for the calendar year to date. If calendar year information is not available, supply NewsGuard's fiscal year data indicating the 12-month period covered, and provide the NewsGuard's best estimate of calendar year data.

I 2. Do not produce any Sensitive Personally Identifiable Information ("Sensitive PII") or Sensitive Health Information ("SHI") prior to discussing the information with a Commission representative. If any document responsive to a particular Specification contains unresponsive Sensitive PII or SHI, redact the unresponsive Sensitive PII or SHI prior to producing the document. The term "Sensitive Personally Identifiable Information" means an individual's Social Security Number alone; or an individual's name, address, or phone number in combination with one or more of the following:

- Date of birth

- Driver's license number or other state identification number, or a foreign country equivalent

- Passport number

- Financial account number

- Credit or debit care number

The term "Sensitive Health Information" includes medical records and other individually identifiable health information, whether on paper, in electronic form, or communicated orally. Sensitive Health Information relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

I 3. Except for privileged material, NewsGuard will produce each responsive document in its entirety by including all attachments and all pages, regardless of whether they directly relate to the specified subject matter. NewsGuard should submit any appendix, table, or other attachment by either attaching it to the responsive document or clearly marking it to indicate the responsive document to which it corresponds. Attachments must be produced along with the document to which they are attached, regardless of whether they have been produced separately. Except for privileged material, NewsGuard will not redact, mask, cut, expunge, edit, or delete any responsive document or portion thereof in any manner.

I 4. Compliance with this CID requires a search of all documents in the possession, custody, or control of NewsGuard, including, without limitation, those documents held by any of NewsGuard's officers, directors, employees, agents, representatives, or legal counsel, whether or not such documents are on the premises of NewsGuard. If any person is unwilling to have his or her files searched, or is unwilling to produce responsive documents, NewsGuard must provide the Commission with the following information as

**Civil Investigative Demand to NewsGuard Technologies, Inc.**

to each such person: his or her name, address, telephone number, and relationship to NewsGuard.

I 5.   Form of Production: NewsGuard shall submit documents as instructed below absent written consent from the Commission representative.

    a.   Documents stored in electronic or hard copy formats in the ordinary course of business shall be submitted in the following electronic format provided that such copies are true, correct, and complete copies of the original documents:

        i)   Submit Microsoft Excel, Access, and PowerPoint files in native format with extracted text and metadata.

        ii)   Submit emails in TIFF (Group IV) format with extracted text and the following metadata and information:

| Metadata/Document Information | Description |
| --- | --- |
| Spec No. | Subpoena/request paragraph number to which the document is responsive. |
| Alternative Custodian | List of custodians where the document has been removed as a duplicate. |
| Bates Begin | Beginning Bates number of the email. |
| Bates End | Bates number of the last page of the email. |
| Beg Attach | First Bates number of attachment range. |
| End Attach | Ending Bates number of attachment range. |
| Custodian | Name of the person from whom the email was obtained. |
| Email BCC | Names of person(s) blind copied on the email. |
| Email CC | Names of person(s) copied on the email. |
| Email Date Received | Date the email was received. [MM/DD/YYYY] |
| Email Date Sent | Date the email was sent. [MM/DD/YYYY] |
| Email From | Names of the person who authored the email. |
| Email Message ID | Microsoft Outlook Message ID or similar |

**Civil Investigative Demand to NewsGuard Technologies, Inc.**

| Metadata/Document Information | Description |
|---|---|
| | value in other message systems. |
| Email Subject | Subject line of the email. |
| Email Time Received | Time email was received. [HH:MM:SS AM/PM] |
| Email To | Recipients(s) of the email. |
| Email Time Sent | Time email was sent. [HH:MM:SS AM/PM] |
| Page count | Number of pages in record |
| File size | Size of document in KB |
| File Extension | File extension type (e.g., docx, xlsx) |
| Record Type | Indicates form of record: E-Doc, E-Doc Attachment, Email, Email Attachment, HardCopy, Calendar Appt, Text Message, Chat Message, etc. |
| Folder | File path/folder location of email. |
| Filename with extension | Name of the original native file with file extension. |
| Hash | Identifying value used for deduplication – typically SHA1 or MD5. |
| Redaction | Indicates Yes or No status regarding document redactions. |
| Text Link | Relative path to submitted text file. Example: \TEXT\001\FTC0003090.txt |

iii) Submit email attachments other than those described in subpart (a)(i) in TIFF (Group IV) format. For all email attachments, provide extracted text and the following metadata and information as applicable:

**Civil Investigative Demand to NewsGuard Technologies, Inc.**

| Metadata/Document Information | Description |
|---|---|
| Spec No. | Subpoena/request paragraph number to which the document is responsive. |
| Alternative Custodian | List of custodians where the document has been removed as a duplicate. |
| Bates Begin | Beginning Bates number of the document. |
| Bates End | Last Bates number of the document. |
| Beg Attach | First Bates number of attachment range. |
| End Attach | Ending Bates number of attachment range. |
| Custodian | Name of person from whom the file was obtained. |
| Date Created | Date the file was created. [MM/DD/YYY] |
| Date Modified | Date the file was last changed and saved. [MM/DD/YYYY] |
| Page count | Number of pages in record |
| File size | Size of document in KB |
| File Extension | File extension type (e.g., docx, xlsx) |

Civil Investigative Demand to NewsGuard Technologies, Inc.

| Metadata/Document Information | Description |
|---|---|
| Filename with extension | Name of the original native file with file extension. |
| Record Type | Indicates form of record: E-Doc, E-Doc Attachment, Email, Email Attachment, HardCopy, Calendar Appt, Text Message, Chat Message, etc. |
| Hash | Identifying value used for deduplication – typically SHA1 or MD5. |
| Author | Author field value extracted from the metadata of a native file. |
| Last Author | Last Saved By field value extracted from metadata of a native file. |
| Redaction | Indicates Yes or No status regarding document redactions. |
| Native Link | Relative file path to submitted native or near native files. Example: \NATIVES\001\FTC0003090.xls |
| Parent ID | Document ID or beginning Bates number of the parent email. |
| Text Link | Relative path to submitted text file. Example: \TEXT\001\FTC0003090.txt |
| Time Created | Time file was created. [HH:MM:SS AM/PM] |
| Time Modified | Time file was saved. [HH:MM:SS AM/PM] |

iv) Submit all other electronic documents, other than those described in subpart (a)(i), in TIFF (Group IV) format accompanied by extracted text and the following metadata and information:

**Civil Investigative Demand to NewsGuard Technologies, Inc.**

| Metadata/Document Information | Description |
|---|---|
| Spec No. | Subpoena/request paragraph number to which the document is responsive. |
| Alternative Custodian | List of custodians where the document has been removed as a duplicate. |
| Bates Begin | Beginning Bates number of the document |
| Bates End | Last Bates number of the document. |
| Beg Attach | First Bates number of attachment range. |
| End Attach | Ending Bates number of attachment range. |
| Custodian | Name of the original custodian of the file. |
| Date Created | Date the file was created. [MM/DD/YYY] |
| Date Modified | Date the file was last changed and saved. [MM/DD/YYYY HH:MM:SS AM/PM] |
| Record Type | Indicates form of record: E-Doc, E-Doc Attachment, Email, Email Attachment, HardCopy, Calendar Appt, Text Message, Chat Message, etc. |
| Author | Author field value extracted from the metadata of a native file. |
| Last Author | Last Saved By field value extracted from metadata of a native file. |
| Redaction | Indicates Yes or No status regarding document redactions. |
| Page count | Number of pages in record |
| File size | Size of document in KB |
| File Extension | File extension type (e.g., docx, xlsx) |
| Filename with extension | Name of the original native file with file extension. |

14

**Civil Investigative Demand to NewsGuard Technologies, Inc.**

| Metadata/Document Information | Description |
|---|---|
| Hash | Identifying value used for deduplication – typically SHA1 or MD5. |
| Originating Path | File path of the file as it resided in its original environment. |
| Production Link | Relative path to submitted native or near native files. Example: \NATIVES\001\FTC0003090.xls |
| Native Link | Relative path to submitted native or near native files.<br><br>Example: \NATIVES\001\FTC0003090.xls |
| Text Link | Relative path to submitted text file. Example: \TEXT\001\FTC-0003090.txt |
| Time Created | Time file was created. [HH:MM:SS AM/PM] |
| Time Modified | Time file was saved. [HH:MM:SS AM/PM] |

v) Submit documents stored in hard copy in TIFF (Group IV) format accomplished by OCR with the following information:

| Metadata/Document Information | Description |
|---|---|
| Spec No. | Subpoena/request paragraph number to which the document is responsive. |
| Bates Begin | Beginning Bates number of the document. |
| Bates End | Bates number of the last page of the document. |
| Record Type | Indicates form of record: E-Doc, E-Doc Attachment, Email, Email Attachment, HardCopy, Calendar Appt, Text Message, Chat Message, etc. |
| Page count | Number of pages in record. |

**Civil Investigative Demand to NewsGuard Technologies, Inc.**

| Redaction | Indicates Yes or No status regarding document redactions. |
|---|---|
| Custodian | Name of person from whom the file was obtained. |

vi) Submit redacted documents in TIFF (Group IV) format accompanied by OCR with the metadata and information required by relevant document type in subparts (a)(i) through (a)(v) above. For example, if the redacted file was originally an attachment to an email, provide the metadata and information specified in subpart (a)(iii) above. Additionally, please provide a basis for each privilege claim as detailed in Instruction 9.

b.  Submit data compilations in electronic format, specifically Microsoft Excel spreadsheets or delimited text formats, with all underlying data un-redacted and all underlying formulas and algorithms intact. Submit data separately from document productions.

c.  Produce electronic file and ESI processed submissions as follows:

i) For productions over 20 gigabytes, use an External Hard Disc Drive (stand-alone portable or hard drive enclosure) or USB Flash Drive in Microsoft Windows-compatible, uncompressed data format.

ii) For productions under 20 gigabytes, submissions may be transmitted electronically via FTP. The FTC uses Kiteworks Secure File Transfer. To request a Kiteworks upload invitation, contact the FTC representative identified in the request you received. Use of other File Transfer methods is permitted. Please discuss this option with the FTC representative identified in the CID to determine the viability.

iii) CD-ROM (CD-R, CD-RW) optical disks and DVD-ROM (DVD+R, DVD+RW) optical disks for Windows-compatible personal computers, and USB 2.0 Flash Drives are acceptable storage formats.

iv) All documents produced in electronic format shall be scanned for and free of viruses prior to submission. The Commission will return any infected media for replacement, which may affect the timing of NewsGuard's compliance with this CID.

v) Encryption of productions using NIST FIPS-Compliant cryptographic hardware or software modules, with passwords sent under separate cover, is strongly encouraged.

d.  Each production shall be submitted with a transmittal letter that includes the FTC matter number; production volume name; encryption method/software used; list of

**Civil Investigative Demand to NewsGuard Technologies, Inc.**

custodians and document identification number range for each; total number of documents; and a list of load file fields in the order in which they are organized in the load file.

e.  If NewsGuard intends to utilize any de-duplication or email threading software or services when collecting or reviewing information that is stored in NewsGuard's computer systems or electronic storage media, or if NewsGuard's computer systems contain or utilize such software, NewsGuard must contact the Commission representative to determine, with the assistance of the appropriate government technical officials, whether and in what manner NewsGuard may use such software or services when producing materials in response to this CID.

I 6.  Before using software or technology (including search terms, email threading, Technology Assisted Review, deduplication, or similar technologies) to identify or eliminate documents, data, or information potentially responsive to this CID, NewsGuard must submit a written description of the method(s) used to conduct any part of its search. In addition, for any process that relies on search terms to identify or eliminate documents, NewsGuard must submit: (a) a list of proposed terms; (b) a tally of all the terms that appear in the collection and the frequency of each term; (c) a list of stop words and operators for the platform being used; and (d) a glossary of industry and NewsGuard terminology. For any process that relies on a form of Technology Assisted Review to identify or eliminate documents, NewsGuard must include (a) confirmation that subject-matter experts will be reviewing the seed set and training rounds; (b) recall, precision, and confidence-level statistics (or an equivalent); and (c) a validation process that allows Commission representatives to review statistically-significant samples of documents categorized as non-responsive documents by the algorithm.

I 7.  All documents responsive to this CID:

a.  shall be produced in complete form (e.g., including all family members, including Modern Attachments), un-redacted unless privileged, and in the order in which they appear in NewsGuard's files;

b.  shall be marked on each page with corporate identification and consecutive document control numbers when produced in TIFF format (e.g., ABC-00000001);

c.  if written in a language other than English, shall be translated into English, with the English translation attached to the foreign language document;

d.  shall be produced in color where necessary to interpret the document (if the coloring of any document communicates any substantive information, or if black-and-white photocopying or conversion to TIFF format of any document (e.g., a chart or graph), makes any substantive information contained in the document unintelligible, NewsGuard must submit the original document, a like-colored photocopy, or a JPEG-format TIFF);

e.  shall be accompanied by an index that identifies: (i) the name of each person from whom responsive documents are submitted; and (ii) the corresponding consecutive

**Civil Investigative Demand to NewsGuard Technologies, Inc.**

document control number(s) used to identify that person's documents, and if submitted in paper form, the box number containing such documents. If the index exists as a computer file(s), provide the index both as a printed hard copy and in machine-readable form (provided that the Commission representative determines prior to submission that the machine-readable form would be in a format that allows the agency to use the computer files). The Commission representative will provide a sample index upon request; and

    f.    shall be accompanied by an affidavit of an officer of NewsGuard stating that the copies are true, correct, and complete copies of the original documents.

I 8.    If any documents or parts of documents are withheld from production based on a claim of privilege, provide a statement of the claim of privilege and all facts relied upon in support thereof, in the form of a log that includes, in separate fields, a privilege identification number; beginning and ending document control numbers; parent document control numbers; attachments document control numbers; family range; number of pages; all authors; all addressees; all blind copy recipients; all other recipients; all custodians; date of the document; the title or subject line; an indication of whether it is redacted; the basis for the privilege claim (e.g., attorney-client privilege), including the underlying privilege claim if subject to a joint-defense or common-interest agreement; and a description of the document's subject matter. Attachments to a document should be identified as such and entered separately on the log. For each author, addressee, and recipient, state the Person's full name, title, and employer or firm, and denote all attorneys with an asterisk. The description of the subject matter shall describe the nature of each document in a manner that, though not revealing information itself privileged, provides sufficiently detailed information to enable Commission staff, the Commission, or a court to assess the applicability of the privilege claimed. For each document or part of a document withheld under a claim that it constitutes or contains attorney work product, also state whether NewsGuard asserts that the document was prepared in anticipation of litigation or for trial and, if so, identify the anticipated litigation or trial upon which the assertion is based. Submit all non-privileged portions of any responsive document (including non-privileged or redactable attachments) for which a claim of privilege is asserted (except where the only non-privileged information has already been produced in response to this Instruction), noting where redactions in the document have been made. Documents authored by outside lawyers representing NewsGuard that were not directly or indirectly furnished to NewsGuard or any third party, such as internal law firm memoranda, may be omitted from the log. Provide the log in Microsoft Excel readable format.

I 9.    If NewsGuard is unable to answer any question fully, supply such information and data as are available. Explain why the answer is incomplete, the efforts made by NewsGuard to obtain the information and data, and the source from which the complete answer may be obtained. If books and records that provide accurate answers are not available, enter best estimates and describe how the estimates were derived, including the sources or bases of such estimates. Estimated data should be followed by the notation "est." If there is no reasonable way for NewsGuard to make an estimate, provide an explanation.

**Civil Investigative Demand to NewsGuard Technologies, Inc.**

I 10.   If documents responsive to a particular Specification no longer exist for reasons other than the ordinary course of business or the implementation of NewsGuard's document retention policy, but NewsGuard has reason to believe have been in existence, state the circumstances under which they were lost or destroyed, describe the documents to the fullest extent possible, state the Specification(s) to which they are responsive, and identify the persons having knowledge of the content of such documents.

I 11.   Do not destroy or dispose of documents responsive to this CID, or any other documents relating to the subject matter of this CID. The destruction or disposal of such documents during the pendency of this investigation might constitute a felony in violation of 18 U.S.C. § 1505 and 18 U.S.C. § 1512.

I 12.   In order for NewsGuard's response to this CID to be complete, the attached certification form must be executed by the NewsGuard official supervising compliance with this CID, notarized, and submitted along with the responsive materials.

I 13.   Any questions you have relating to the scope or meaning of anything in this CID or suggestions for possible modifications thereto should be directed to Justin Epner at (202) 326-2942 or jepner@ftc.gov. The response to the CID shall be delivered per the instruction of Mr. Epner during the course of normal business (8:30 a.m. to 5:30 p.m., Monday through Friday). Mr. Epner will provide specific mail delivery instructions should that method of transmittal be required.

## <u>CERTIFICATION OF COMPLIANCE</u>

### <u>Pursuant to 28 U.S.C. § 1746</u>

I, _____, certify the following with respect to the Federal Trade

Commission's ("FTC") Civil Investigative Demand directed to NewsGuard Technologies, Inc.

("NewsGuard") (FTC File No. 251-0061) (the "CID"):

1. NewsGuard has identified all documents, information, and/or tangible things

   ("responsive information") in NewsGuard's possession, custody, or control responsive to

   the CID and either:

   a. provided such responsive information to the FTC; or

   b. for any responsive information not provided, given the FTC written objections

      setting forth the basis for withholding the responsive information.

2. I verify that the responses to the CID are complete and true and correct to my knowledge.


I certify under penalty of perjury that the foregoing is true and correct.


Date: _____        _____
                                              Signature


                                              _____
                                              Printed Name


                                              _____
                                              Title

**UNITED STATES OF AMERICA**
**BEFORE THE FEDERAL TRADE COMMISSION**

COMMISSIONERS:      **Lina M. Khan, Chair**
                                 **Noah Joshua Phillips**
                                 **Rebecca Kelly Slaughter**
                                 **Christine S. Wilson**
                                 **Alvaro M. Bedoya**

**RESOLUTION DIRECTING USE OF COMPULSORY PROCESS**
**IN NONPUBLIC INVESTIGATIONS OF COLLUSIVE PRACTICES**

**File No.  P859910**

Nature and Scope of Investigation:

To investigate whether any persons, partnerships, corporations, or others have engaged or are engaging in inviting, initiating, participating in, or facilitating collusion or coordination in any way with any other market participant, whether through private communications, public statements, sharing information, or other actions, in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, as amended, or any other statutes or rules enforced by the Commission; and to determine the appropriate action or remedy, including whether injunctive and monetary relief would be in the public interest.

The Federal Trade Commission hereby resolves and directs that any and all compulsory processes available to it be used in connection with any inquiry within the nature and scope of this resolution for a period not to exceed ten years. The expiration of this ten-year period shall not limit or terminate the investigation or the legal effect of any compulsory process issued during the ten-year period. The Federal Trade Commission specifically authorizes the filing or continuation of actions to enforce any such compulsory process after the expiration of the ten-year period.

Authority to Conduct Investigation:

Sections 6, 9, 10, and 20 of the Federal Trade Commission Act, 15 U.S.C. §§ 46, 49, 50, and 57b-1, as amended; and FTC Procedures and Rules of Practice, 16 C.F.R. § 1.1 *et seq*., and supplements thereto.

By direction of the Commission.

April J. Tabor
Secretary

**Issued:  July 1, 2022**
**Expires:  July 1, 2032**