IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEWSGUARD TECHNOLOGIES, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>FEDERAL TRADE COMMISSION and ANDREW FERGUSON, in his official capacity as Chairman of the Federal Trade Commission,<br><br>*Defendants*. | Civil Action No.: 1:26-cv-00353-DLF |

## PLAINTIFF'S OPPOSITION TO MOTION FOR EXTENSION OF TIME

Plaintiff NewsGuard Technologies, Inc. ("NewsGuard") opposes Defendants' motion to extend their deadline for responding to Plaintiff's Motion for Preliminary Injunction by 30 days.

## BACKGROUND

NewsGuard filed its Complaint in this Court on February 6, 2026. ECF No. 1. On that date, the Court ordered Plaintiff to file its motion for preliminary injunction no later than February 11, 2026. Minute Order (Feb. 6, 2026). Defendants were served on February 10, 2026. ECF Nos. 9, 10. Defendants appeared in the case on February 11, 2026.

On February 9, Defendants' counsel contacted NewsGuard's counsel to propose a 45-day extension of Defendants' deadline for responding to the preliminary injunction motion. NewsGuard felt this was inappropriate and did not consent. The next day, after proposing a 30-day extension (which Plaintiff declined) Defendants filed their Motion to Extend Deadline ("Mot.," ECF No. 8) seeking to postpone their response to the preliminary injunction motion for

1

30 days "after Plaintiff files the motion or completes service, whichever is later." Mot. at 1, ECF 8.

In the meantime, NewsGuard filed its motion for preliminary injunction and supporting papers on February 11, 2026, in accordance with the Court's Minute Order. Motion for Preliminary Injunction ("PI Motion"), ECF 11.

## ARGUMENT

### A. This Court's rules contemplate that preliminary injunction motions are to be briefed and decided promptly.

Under the rules of this Court, any opposition to a motion for preliminary injunction "shall be served and filed within seven days after service of the application for preliminary injunction." LCvR 65.1(c). Additionally, "a hearing on an application for preliminary injunction shall be set by the Court no later than 21 days after its filing, unless the Court earlier decides the motion on the papers or makes a finding that a later hearing date will not prejudice the parties." LCvR 65.1(d).

The Court's rules thus indicate that preliminary injunction motions should be heard and decided expeditiously. NewsGuard's PI Motion demonstrated that the FTC's retaliatory campaign against it has imposed significant costs and burdens, and, unless enjoined, threatens NewsGuard with the imminent loss of business and with an irreparable impact on its First Amendment rights. For nearly a year the FTC has pursued an "investigation" through a burdensome and intrusive Civil Investigative Demand ("CID") requiring NewsGuard to produce essentially all the company's documents since its founding in 2018. Simultaneously, the FTC used a merger proceeding to target NewsGuard directly by imposing a Consent Order that prohibits the merged company (now the world's largest advertising agency) from using any service that provides ratings or reviews of the reliability of news sources based on journalistic standards, which is what NewsGuard does. As set forth in the PI Motion, the expense and burdens of the FTC's actions seek to squelch NewsGuard's

2

First Amendment protected journalism and threaten the company's very existence. *See* PI Motion Memorandum in Support, ECF 11-2.

NewsGuard urges the Court to adhere to the 21-day schedule under LCvR 65.1(c) because expedition is essential here.[1] Defendants instead ask for substantial delay, contending that while NewsGuard had five days to get the PI Motion on file, the government should have ten days more than the entire Rule 65.1(c) schedule to file their opposition. Defendants' request is not reasonable or equitable, and it is not consistent with Rule 65.1(c).

None of Defendants' arguments seeking an extension has merit.

### B.  Defendants' claim of competing obligations does not justify an extension.

Defendants' claim of "significant competing obligations" (none of which are specified), Mot. at 2, provides no basis for deviating from the normal rules governing preliminary injunctions. All attorneys involved in this case are busy professionals, yet NewsGuard's counsel was able to comply with this Court's order to file a motion for preliminary injunction within five days of filing the Complaint. The federal government, with its legions of attorneys, should have the wherewithal to respond within the timeframe the rules prescribe.

Nor does the FTC's claim that the motion "implicates important threshold issues, such as whether a pre-enforcement challenge to an administrative subpoena or CID is even available" justify any extension. Mot. at 2. The FTC already has been dealing with these issues in other cases involving the need for prompt preliminary injunctive relief for CIDs that infringe First Amendment rights, and this Court has resolved them in favor of the plaintiffs each time. *See Media Matters for Am. v. Paxton*, 732 F. Supp. 3d 1, 28-30 (D.D.C. 2024), aff'd, 138 F.4th 563 (D.C. Cir. 2025); *Media Matters for Am. v. FTC*, No. CV 25-1959 (SLS), 2025 WL 2378009, at *11-12 (D.D.C.

---

[1] NewsGuard requests that the Court set a hearing on the PI motion no later than March 4, 2026, per Rule 65.1(c).

Aug. 15, 2025), *appeal pending*. By now, the FTC should be well-versed in the constitutional arguments and well positioned to respond within the normal time.

### C. The FTC's forthcoming ruling on NewsGuard's Motion to Quash does not support an extension.

Defendants claim an extension is warranted because "[t]wo of the Complaint's three claims concern the validity of the CID and raise arguments similar to those that are pending before the Commission in NewsGuard's petition." Mot. at 3. But this actually cuts against granting the motion. It means the FTC has had a head start and has been working on these issues for almost a month. And that doesn't count the extent to which the Commission has been dealing with similar issues in the challenges to retaliatory CIDs in *Media Matters v. FTC*, *Paxton*, *Media Matters for Am. v. Bailey*, No. 24-CV-147 (APM), 2024 WL 3924573, (D.D.C. Aug. 23, 2024), *appeal dismissed sub nom. Media Matters for Am. v. Paxton*, No. 24-7141, 2025 WL 492257 (D.C. Cir. Feb. 13, 2025), and *Disinformation Index, Inc. v. FTC*, No. 1:25-cv-4137-CJN (filed Nov. 25, 2025).

In this connection, it is worth noting that Media Matters filed its petition to quash the FTC's CID on June 18, 2025, and its complaint in this Court on June 23, 2025, followed by a motion for preliminary injunction on July 14, 2025. That sequence did not dissuade this Court from taking jurisdiction and litigating the challenge in the normal course and granting Media Matters' motion for preliminary injunction on August 15, 2025. *Media Matters v. FTC*, 2025 WL 2378009, at *2–3. There is no reason in this case why the FTC should not be able to respond to the motion as the rules contemplate on issues with which it is, by now, well familiar.

The FTC asserts the Court should await "the benefit" of the agency's ruling on NewsGuard's motion to quash, Mot. at 3, but it is far from clear what benefit that might entail. The Commission will have full opportunity to provide its views to the Court in its brief in

4

opposition to the motion for preliminary injunction, just as it did in *Media Matters v. FTC*. The Commission's claim that following the schedule the rules prescribe would "undermine core exhaustion principles, including the 'commonsense notion' that an agency ought to have the opportunity to 'apply its expertise' to alleged issues in the first instance," Mot. at 3, has been rejected in these earlier cases. In any event, it is not clear what "expertise" the FTC has to offer. "[C]ourts, not agencies, are expert on the First Amendment," *Porter v. Califano*, 592 F.2d 770, 780 n.15 (5th Cir. 1979), and administrative agencies receive no deference "when reviewing a potential violation of a constitutional right." *Tex. Office of Pub. Util. Counsel v. FCC*, 183 F.3d 393, 410 (5th Cir. 1999).

Defendants assert "[it] hardly makes sense for NewsGuard, having raised these arguments in front of the Commission, to expect this Court to proceed without the benefit of the Commission's decision." Mot. at 3. NewsGuard is raising its constitutional arguments in Court because they fell on deaf ears at the Commission. And of course it makes sense. It is why the Court in *Bailey* said the presumption of regularity as to agency actions did not apply, noting: "[I]t falls on the judiciary to ensure that the First Amendment is not reduced to a parchment promise." *Bailey*, 2024 WL 3924573, at *18 (D.D.C. Aug. 23, 2024) (internal quotation omitted). And, as this Court held in another case just yesterday, a litigant need not exhaust administrative remedies in a First Amendment retaliation case where the outcome of the agency process likely would be a "fait accompli," and where "'agency adjudications are ill-suited'" to address matters of constitutional law that "are in the wheelhouse of Article III courts." *Kelly v. Hegseth*, No. 26-81 (RJL), slip op. at 14 (D.D.C., Feb. 12, 2026) (quoting *Axon Enter. Inc. v. FTC*, 598 U.S. 175, 194-95 (2023)).

**D.   Granting the extension would prejudice NewsGuard.**

5

Defendants' claim that "granting the requested extension will not prejudice NewsGuard" is factually wrong and simply ignores the First Amendment harms that the FTC has inflicted—and continues to inflict—on NewsGuard.

Defendants observe that the "CID that NewsGuard is challenging was issued *over eight months ago*." Mot. at 3 (emphasis in original). True enough, but Defendants fail to note that NewsGuard attempted to work in good faith with the FTC concerning the CID for over eight months, through mid-January 2026. Then it became clear that attempting to cooperate with the FTC was a futile exercise, producing nothing but a continuing drain on NewsGuard's time and resources. Despite NewsGuard's voluminous productions the Commission continued to demand all information requested in the original CID, including as to NewsGuard's analyses and journalism and identification of customers. NewsGuard filed this action three weeks later.

Defendants similarly try to make out a lack of urgency because the Omnicom Consent Order "was entered *over four months ago*." Mot. at 4 (emphasis in original). In fact, the FTC provided no notice that it was going to change the proposed consent order to prohibit Omnicom and its affiliates from using services like NewsGuard that evaluate news sources for advertisers and ad agencies based on "adherence to journalistic standards or ethics." Order, *Omnicom Grp. Inc.*, FTC Docket No. C-4823, ¶¶ 1.D, 2.A (Sept. 26, 2025), https://www.ftc.gov/system/files/ftc_gov/pdf/OmnicomOrder.pdf (the final Consent Order), ECF 11-25. Since the FTC's issuance of its unprecedented order, NewsGuard and its advertising customers have had to try to figure out what the prohibitory conditions mean and how the FTC's blacklist of NewsGuard may be applied. It has become increasingly clear that NewsGuard is losing and likely will continue to lose customers as contracts come up for renewal and advertisers and ad agencies fear reprisal from the FTC if they don't sever relationships with NewsGuard.

Defendants' arguments ignore the facts, too, because they disregard what is obvious—that the FTC's multiple actions targeting NewsGuard were all of a piece. The FTC waged a coordinated campaign against NewsGuard with multiple prongs: publicized condemnations and jawboning, the onerous CID, and the Consent Order blacklist. Contrary to Defendants' rhetoric, NewsGuard has not "[sat] on its constitutional claims for months on end," Mot. at 3, but rather filed this action promptly and now seeks preliminary injunctive relief promptly, as this Court's rules contemplate.

E.     **Defendants' other arguments for an extension have no merit.**

Throughout their motion, Defendants raise a smattering of other arguments to claim they should get a long extension while NewsGuard has abided by the deadlines set by the Court and pursuant to LCvR 65.1(c). These "kitchen sink" arguments are also unpersuasive.

Defendants object that the seven-day response period as prescribed by Rule 65.1(c) under the current calendar "would include a holiday weekend." Mot. at 2. It's hard to express sympathy for Defendants' counsel, inasmuch as NewsGuard's counsel's time to file the PI Motion was five days, including a Saturday and Sunday.

Defendants offer arguments about how their deadline for responding to the PI Motion should be calculated based on the government's view of when service is technically completed. Mot. at 2-3. Defendants have been served, in person and by certified mail. But more to the point, Defendants received service of the PI Motion and all supporting materials on February 11, 2026, through ECF. Defendants cannot assert with a straight face that they need an extension "to have adequate time to review [NewsGuard's] submissions," *id.*, which they already received and have had ample time to review.

Defendants also point to briefing schedules set in other "pre-enforcement challenges to CIDs in this district … that [have] afforded defendants more time than the default in the Local Civil Rules." Mot. at 4 (citing *Media Matters v. FTC*, and *Disinformation Index*). Defendants do

7

not mention, however, that the briefing schedules in both those cases were set by stipulations of the parties.

## CONCLUSION

The FTC's Motion to Extend is a not-so-veiled effort to use procedural rules and scheduling issues to take strategic advantage. Defendants seek to eschew this Court's rules. They ignore the ongoing, significant, irreparable harms NewsGuard is suffering. Substantive constitutional rights should not turn on procedural gamesmanship. NewsGuard respectfully requests that the Court deny Defendants' Motion to Extend and direct that the parties must follow this Court's 21-day preliminary injunction schedule.

Dated: February 13, 2026　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ Robert Corn-Revere
　　　　　　　　　　　　　　　　　　　　　　　Robert Corn-Revere
　　　　　　　　　　　　　　　　　　　　　　　(D.C. Bar No. 375415)
　　　　　　　　　　　　　　　　　　　　　James C. Grant
　　　　　　　　　　　　　　　　　　　　　　　(WA Bar No. 14358)
　　　　　　　　　　　　　　　　　　　　　Sara E. Berinhout
　　　　　　　　　　　　　　　　　　　　　　　(MA Bar No. 703217)
　　　　　　　　　　　　　　　　　　　　　FOUNDATION FOR INDIVIDUAL
　　　　　　　　　　　　　　　　　　　　　　　RIGHTS AND EXPRESSION
　　　　　　　　　　　　　　　　　　　　　700 Pennsylvania Ave. SE, Ste. 340
　　　　　　　　　　　　　　　　　　　　　Washington, DC 20003
　　　　　　　　　　　　　　　　　　　　　(215) 717-3473
　　　　　　　　　　　　　　　　　　　　　bob.corn-revere@fire.org
　　　　　　　　　　　　　　　　　　　　　jim.grant@fire.org
　　　　　　　　　　　　　　　　　　　　　sara.berinhout@fire.org

　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*