IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NEWSGUARD TECHNOLOGIES, INC.,

*Plaintiff*,

v.

FEDERAL TRADE COMMISSION and
ANDREW FERGUSON, in his official
capacity as Chairman of the Federal Trade
Commission,

*Defendants*.

No. 1:26-cv-0353 (DLF)

**JOINT STATUS REPORT**

During the Telephonic Scheduling Conference on February 13, 2026, the Court issued a briefing schedule and set a hearing date for Plaintiff's Preliminary Injunction Motion. The Court also directed the parties to file a joint status report by 5:00 p.m. on Monday, February 16, 2026, indicating whether they will proceed with that schedule or whether they propose an alternative schedule for expedited consideration on the merits. Pursuant to that order, the parties jointly indicate that they intend to proceed with the existing schedule for consideration of the preliminary injunction motion, and they further report as follows:

**Plaintiff's Statement:** Plaintiff's position, as set forth at the scheduling conference, is that a stay of enforcement of both the CID and the Omnicom merger conditions targeting NewsGuard would be necessary to be able to reach agreement on a stipulated briefing schedule on the merits. Following the hearing, the Defendants made clear that they would not consider any temporary stay of the Omnicom merger conditions. Accordingly, the parties concluded that agreement on an expedited briefing schedule on the merits would not be possible.

**Defendants' Statement:** Following the scheduling conference, Defendants' counsel reiterated to Plaintiff's counsel that Defendants are potentially willing (subject to internal approval) to stay enforcement of the civil investigative demand pending an expedited decision on the merits but Defendants cannot alter the operation of the September 26, 2025 consent order regarding the Omnicom-IPG acquisition.  In response, Plaintiff indicated that "a stipulated stay" of the Omnicom merger conditions was "a prerequisite to any agreement to proceed with expedited briefing on the merits." Accordingly, as Plaintiff's counsel noted, the parties agreed that "we should proceed with the briefing schedule and hearing date Judge Friedrich set for the preliminary injunction motion."

Accordingly, the parties intend to proceed with the existing schedule for consideration of the preliminary injunction motion.

Dated: February 15, 2026
        Washington, D.C.

<div style="margin-left:40%">

Respectfully submitted,

LUCAS CROSLOW (D.C. Bar #1048342)
*General Counsel*

H. THOMAS BYRON III (D.C. Bar #442856)
*Deputy General Counsel*

ALEX POTAPOV (D.C. Bar #998355)
*Deputy General Counsel*

/s/ Ethan D. Beck
ETHAN D. BECK (D.C. Bar #90024619)
*Counsel to the General Counsel*

FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., N.W.
Washington, DC 20580
(202) 326-2110
ebeck@ftc.gov

*Attorneys for the Defendants*

</div>

/s/ Robert Corn-Revere

Robert Corn-Revere
(D.C. Bar No. 375415)
bob.corn-revere@fire.org

James C. Grant
(WA Bar No. 14358)
jim.grant@fire.org

Sara E. Berinhout
(MA Bar No. 703217)
sara.berinhout@fire.org

FOUNDATION FOR INDIVIDUAL
  RIGHTS AND EXPRESSION
700 Pennsylvania Ave. SE, Ste. 340
Washington, DC 20003
(215) 717-3473