IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NEWSGUARD TECHNOLOGIES, INC.,

*Plaintiff*,

v.

FEDERAL TRADE COMMISSION and
ANDREW FERGUSON, in his official
capacity as Chairman of the Federal Trade
Commission,

*Defendants*.

No. 1:26-cv-0353 (DLF)

## DEFENDANTS' NOTICE OF WITHDRAWAL OF CIVIL INVESTIGATIVE DEMAND AND NOTICE OF RELATED LITIGATION

Defendants write to inform the Court of significant recent developments in the Federal Trade Commission's investigation into unlawful advertising boycotts that bear on the relief sought by NewsGuard in this case. As the Court is aware, NewsGuard challenges (1) a civil investigative demand (CID) that the Commission issued as part of its investigation into advertising boycotts, and (2) a condition in a 2025 Commission consent order related to the merger of two large advertising companies, Omnicom Group Inc. (Omnicom) and the Interpublic Group of Companies (IPG). On April 16, 2026, the Commission formally withdrew the CID that NewsGuard challenges. It did so because its investigation recently culminated in a landmark settlement with three advertising agencies. That settlement includes terms that are materially identical to those in the Omnicom consent order.

As explained below, these developments have important implications for NewsGuard's claims in this case. Accordingly, Defendants intend to confer with NewsGuard's counsel concerning an appropriate resolution of the claims asserted in NewsGuard's complaint. As an

initial matter, we bring this information to the Court because it is also relevant to the pending motion for preliminary injunction, as explained below.

*    *    *

As part of the Commission's investigation into potential advertising boycotts, the Commission recently filed a complaint in *FTC v. Dentsu US, Inc.*, No. 26-cv-469 (N.D. Tex. 2026). There, the Commission and eight States sued Dentsu, WPP, and Publicis—three of the largest global advertising holding companies, which are collectively known as the "Big Six."[1] The complaint (attached as Exhibit 1) alleges that Dentsu, WPP, and Publicis colluded through trade associations to set brand-safety standards. *See* Ex. 1 ¶¶ 1-9. The complaint further alleges that these trade associations relied on information from entities such as NewsGuard to develop these shared brand-safety standards. *See id.* ¶¶ 3-4, 80-85. The complaint explains that these anticompetitive agreements prevented the Big Six from competing with each other based on their own, independently developed brand-safety standards, to the detriment of their clients and of American consumers. *See id.* ¶¶ 91-97. The complaint asserts that these collusive acts violated Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 5 of the FTC Act, 15 U.S.C. § 45.

To resolve these claims, Dentsu, WPP, and Publicis each agreed to stipulated final judgments imposing permanent injunctions, which the district court has since approved and entered. *See* Final Orders and Stip. Perm. Injunctions as to Dentsu, WPP, and Publicis, *FTC v. Dentsu US, Inc.*, No. 4:26-cv-469 (N.D. Tex. Apr. 15, 2026), ECF Nos. 8-10 (attached as Exhibits 2-4). These permanent injunctions prohibit Dentsu, WPP, and Publicis from, among other things, enforcing any agreement "with any Third Party with respect to Media Buying Services" that

---

[1] Two of the "Big Six" companies were Omnicom and IPG. Following the consummation of the merger of Omnicom and IPG on November 25, 2026, there are currently five major advertising holding companies. *See* Compl. (Ex. 1) ¶ 32 & n.12.

"[d]irects Advertisers' advertising spend," "[r]efuses Advertisers' requests to direct advertising spend," or "[d]eclines to deal with Advertisers" based on "Covered Bases" (which are defined to include "viewpoints as to the veracity of news reporting" and "adherence to journalistic standards or ethics"), except at the express direction of their advertiser customers. *See id.* §§ II.C., III.B. The conditions these permanent injunctions impose are materially identical to the conditions imposed by the Omnicom consent order, which are the subject of some of NewsGuard's claims in this action. *See* Decision and Order §§ I.D., 2.A, *In re Omnicom Grp., Inc. & Interpublic Grp. of Cos., Inc.*, FTC Dkt. No. C-4823 (Sept. 26, 2025), https://tinyurl.com/msss6xu5; Dkt.1 ¶ 125 & n.43.

Following the Commission's successful lawsuit against Dentsu, WPP, and Publicis, FTC staff formally withdrew the CID that NewsGuard challenges here. *See* Letter from P. Galvan to S. Hansell (Apr. 16, 2026) (attached as Exhibit 5). The relief obtained in *Dentsu*, which marks the culmination of the Commission's investigation in this area, resolved the issues related to NewsGuard that gave rise to the CID, and the Commission therefore no longer requires compliance with the CID. Accordingly, FTC staff have withdrawn the CID issued to NewsGuard (along with several other CIDs issued in the investigation, which were withdrawn for the same reason). The withdrawal of the CID at issue here moots NewsGuard's request for preliminary injunctive relief regarding enforcement of the CID. *See* Dkt.11 at 3 (requesting that Defendants be "enjoined from initiating any action to enforce the CID"); Dkt.11-26 at 1 (same).

In addition, *Dentsu* further illustrates that the relief obtained by the Commission in the Omnicom consent order, like the similar relief in the *Dentsu* complaint and injunctions, aims to prevent further anticompetitive conduct by major advertising agencies concerning brand-safety standards. Contrary to NewsGuard's contentions about supposed retaliation or viewpoint discrimination, the Commission's latest action also demonstrates that the Omnicom consent order

was part of a comprehensive investigation against unlawful collusion in the digital advertising market.

Dated: April 17, 2026

Respectfully submitted,

OF COUNSEL:

DANIEL GUARNERA
 *Director*

KELSE MOEN
 *Deputy Director*

BUREAU OF COMPETITION

LUCAS CROSLOW (D.C. Bar #1048342)
 *General Counsel*

H. THOMAS BYRON III (D.C. BAR #442856)
 *Deputy General Counsel*

ALEX POTAPOV (D.C. Bar #998355)
 *Deputy General Counsel*

ETHAN D. BECK (D.C. Bar #90024619)
 *Counsel to the General Counsel*

ROBERT E. ZUVER, JR. (D.C. Bar #987216)
 *Attorney*

FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., N.W.
Washington, DC 20580

/s/ Alan Bakowski
ALAN BAKOWSKI (D.C. Bar #990312)
 *Attorney*

FEDERAL TRADE COMMISSION
401 W. Peachtree Street NW, Suite 1500
Atlanta, GA 30308
(404) 656-1363
abakowski@ftc.gov

*Attorneys for the Defendants*

4