# Exhibit 4

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

|  |  |
|---|---|
| Federal Trade Commission,<br>State of Florida,<br>State of Indiana,<br>State of Iowa,<br>State of Montana,<br>State of Nebraska,<br>State of Texas,<br>State of Utah,<br>State of West Virginia,<br><br>      Plaintiffs,<br><br>      v.<br><br>Dentsu US, Inc.,<br>GroupM Worldwide LLC (d/b/a WPP<br>Media),<br>Publicis, Inc.,<br><br>      Defendants. | Case No.: 4:26-cv-469 |

**FINAL ORDER AND STIPULATED PERMANENT INJUNCTION AS TO**

**PUBLICIS, INC.**

**WHEREAS** Plaintiffs, the Federal Trade Commission ("FTC" or "the Commission"),

and the States of Florida, Indiana, Iowa, Montana, Nebraska, Texas, Utah, and West Virginia (the

"States") filed their Complaint on April 15, 2026, pursuant to Section 13(b) of the Federal Trade

Commission Act ("FTC Act"), 15 U.S.C. §53(b), and Section 16 of the Clayton Act, 15 U.S.C. §

26, seeking injunctive and other equitable relief for violations of Section 5 of the FTC Act, 15

U.S.C. § 5 and Section 1 of the Sherman Act, 15 U.S.C. § 1.

1

**AND WHEREAS**, in conjunction with the filing of this Final Order and Stipulated Permanent Injunction ("Final Order"), the Plaintiffs and Defendant Publicis, Inc., by their designated attorneys, stipulate and agree to the entry by this Court of this Final Order to resolve all matters in dispute in this action between them without trial or adjudication of any issue of fact or law.

**AND WHEREAS**, this Final Order is entered for settlement purposes only and does not constitute any evidence against, or an admission of wrongdoing, liability or any issue of fact, other than jurisdictional, or law, by Publicis, Inc.;

**AND WHEREAS**, Publicis, Inc. agrees to be bound by the provisions of this Final Order;

**AND WHEREAS**, Plaintiffs require Publicis, Inc. to perform certain injunctive relief in order to prevent violations and help remedy the competition lost as alleged in the Complaint;

**AND WHEREAS**, Publicis, Inc. has represented to the Commission that the relief set forth herein can and will be made and that Publicis, Inc. will not later raise a claim of hardship or difficulty as grounds for asking the Court to modify any of the relief provisions contained in this Final Order;

**AND WHEREAS**, Publicis, Inc. agrees to the appointment of a Monitor to oversee its actions to achieve the remedial purposes of this Final Order;

**AND WHEREAS**, Publicis, Inc. agrees to the entry of this Final Order under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b) and Section 16 of the Clayton Act, 15 U.S.C. § 26;

**NOW THEREFORE**, without trial or adjudication of any issue of fact or law, and upon consent of the parties,

**IT IS ORDERED, ADJUDGED, AND DECREED THAT**:

## I.    FINDINGS

1.    This Court has jurisdiction over the subject matter of, and each of the parties to, this action pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), Section 16 of the Clayton Act, 15 U.S.C. § 26, and 28 U.S.C. §§ 1337 and 1345.

2.    The Complaint charges that Publicis, Inc., co-Defendants, and co-conspirators participated in unfair methods of competition in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

3.    Publicis, Inc. transacts business in this district. Venue is proper in this Court under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), Section 16 of the Clayton Act, 15 U.S.C. § 26, and 28 U.S.C. § 1391.

4.    Publicis, Inc. neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Final Order.  Only for purposes of this action, Publicis, Inc. admits the facts necessary to establish jurisdiction.

5.    The parties, by and through their designated counsel, have agreed that entry of this Final Order fully and finally resolves all issues between them arising from the specific events and business practices giving rise to the allegations described in the Complaint and precludes further litigation between the Plaintiffs and Publicis, Inc. on the resolved issues except for purposes of enforcing this Final Order.

6.      Publicis, Inc. waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Final Order, and agrees to bear its own costs and attorney fees.

7.      Publicis, Inc. and the Plaintiffs waive all rights to appeal or otherwise challenge or contest the validity of this Final Order.

## II.    DEFINITIONS

For the purpose of this Final Order, the following definitions apply:

A.      **"Advertiser"** means any customer or potential customer of Media Buying Services from Publicis, Inc.

B.      **"Publicis, Inc."** means Publicis, Inc. its directors, officers, employees, agents, representatives, successors, and assigns; and the joint ventures, subsidiaries, partnerships, divisions, groups, and affiliates controlled by Publicis, Inc., and the respective directors, officers, employees, agents, representatives, successors, and assigns of each.  This definition shall not include any non-US joint ventures, subsidiaries, partnerships, divisions, groups, and affiliates of Publicis, Inc.

C.      **"Covered Bases"** means (1) Political or ideological viewpoints (including viewpoints as to the veracity of news reporting or other politically or ideologically contested facts, such as their characterization as "misinformation," "disinformation," "bias," or similar terms); (2) adherence to journalistic standards or ethics established or set by a Third Party; and/or (3) commitment or adherence to diversity, equity or inclusion (DEI), such as diverse ownership or casting.  Covered Bases shall not include fraudulent content.

4

D.    **"Implementation Vendor"** means a third party, such as a technology platform provider, engaged by Publicis, Inc. to carry out or engage in Media Buying Services on behalf of Advertisers.

E.    **"Media Buying Services"** means purchases of advertising inventory across any type of media and types of purchases on behalf of, or for later resale to, Advertisers, but does not include other media services sold or billed separately, such as media planning or campaign management. This definition shall not include purchases of advertising inventory made by demand-side platforms.

F.    **"Media Publisher"** means any seller of advertising inventory, including a website, application, broadcaster, or publisher to Publicis, Inc.

G.    **"Political or ideological viewpoints"** includes the Media Publisher's political or ideological viewpoints, the political or ideological viewpoints expressed in content that the Media Publisher sells advertising to run alongside of, or the political or ideological viewpoints expressed in any content or by any person.

H.    **"Relevant Area"** means the United States.

I.    **"Other means of differentiating between Media Publishers"** shall include rating, ranking, or evaluating Media Publishers according to Covered Bases.  **"Third Parties"** shall include, among other things, individuals and entities that engage in such practices.

## III.    PROHIBITED CONDUCT

**IT IS HEREBY ORDERED** that:

A.      Publicis, Inc., in connection with its activities in or affecting commerce, as "commerce" is defined in Section 4 of the Federal Trade Commission Act, 15 U.S.C. § 44, shall not, directly or indirectly, continue, enter or attempt to enter into, maintain or attempt to maintain, enforce or attempt to enforce, or threaten to enforce any agreement, understanding, rule, or practice with any other seller of Media Buying Services to prohibit, restrict, limit, or impede Media Buying Services business conducted with any Media Publisher in the Relevant Area with respect to its news and political or social commentary content.

**PROVIDED, HOWEVER**, that this Paragraph III.A shall not apply to (i) any agreement or discussion between Publicis, Inc. and an Advertiser (or vendors, subcontractors, or similar service providers on behalf of the Advertiser) or (ii) any agreement or discussion between Publicis, Inc. and an Implementation Vendor and other vendors, subcontractors, and other intermediate buyers of inventory acting at the direction of Publicis, Inc. to execute client media campaigns relating to how to direct an Advertiser's advertising spend.

B.      Publicis, Inc., in connection with its activities in or affecting commerce, as "commerce" is defined in Section 4 of the Federal Trade Commission Act, 15 U.S.C. § 44, shall cease and desist from, directly or indirectly, continuing, entering or attempting to enter into, maintaining or attempting to maintain, enforcing or attempting to enforce, or threatening to enforce any agreement, understanding, rule, or practice with any Third Party with respect to Media Buying Services in the Relevant Area that:

1.      Directs Advertisers' advertising spend based on Covered Bases (other than as required by applicable laws);

2.      Refuses Advertisers' requests to direct advertising spend to a Media Publisher based on Covered Bases (other than as required by applicable laws); or

6

3.      Declines to deal with Advertisers based on Covered Bases (other than as required by applicable laws);

**PROVIDED, HOWEVER**, that this Paragraph III.B shall not apply to any agreement or discussion between Publicis, Inc. and an Advertiser (or vendors, subcontractors, or similar service providers on behalf of the Advertiser) relating to how to direct that Advertiser's advertising spend. Nothing in this Paragraph III.B. shall require Publicis, Inc. to take a position with respect to or to cease any business relationship with an Implementation Vendor based on any policies adopted by an Implementation Vendor in the ordinary course of the Implementation Vendor's business outside the direction of Publicis, Inc.

C.      Publicis, Inc. shall not rely on exclusion lists, inclusion lists, or Other means of differentiating between Media Publishers in the Relevant Area on the basis of Covered Bases to determine or direct Advertisers' advertising placements. Publicis, Inc. shall not knowingly encourage or solicit Third Parties to create such means of differentiation on Publicis, Inc.'s behalf that it itself would be prohibited from creating under this Final Order.

D.      Notwithstanding the foregoing, exclusion lists, inclusion lists, or Other means of differentiating between Media Publishers developed, acquired, or adopted at the express direction of an Advertiser or a third party acting on the Advertiser's behalf, including those developed on the basis of Covered Bases, are expressly permitted; provided, however, that Publicis, Inc. will not offer any client's exclusion list or inclusion list in either case to the extent developed on the basis of Covered Bases to another client or Third Party, nor will it knowingly encourage or solicit Third Parties to do so.

E.      To the extent such prohibited practices currently exist upon entry of this Final Order, Publicis, Inc. must promptly abolish them. Nothing in this Final Order shall prohibit or prevent

Publicis, Inc. from making day-to-day unilateral business decisions in the ordinary course, consistent with past practice, including but not limited to decisions on whether to pursue particular client business, so long as Publicis, Inc. does not violate the provisions of this Final Order.

**IV.    COMPLIANCE REPORTS**

**IT IS FURTHER ORDERED** that:

A.    Publicis, Inc. shall file verified written reports ("Compliance Reports") in accordance with the following:

1.    Publicis, Inc. shall submit:

    a.    An annual Compliance Report one year after the date this Final Order is entered, and annually for the next 4 years on the anniversary of that date; and

    b.    Additional Compliance Reports as the Commission or its staff may request.

2.    Each compliance report shall contain sufficient information and documentation to enable the Commission to determine independently whether Publicis, Inc. is in compliance with this Final Order.  Conclusory statements that Publicis, Inc. has complied with its obligations under this Final Order are insufficient.  Publicis, Inc. shall include in its Compliance Reports, among other information or documentation that may be necessary to demonstrate compliance, a full description of the measures Publicis, Inc. has implemented or plans to implement to ensure that it has complied or will comply with each Section of this Final Order, including a list setting forth the number of times a publisher appears on "exclusion lists" developed or applied by Publicis, Inc.

8

at the express direction of a particular client based on political ideology (as permitted by Section III of this Final Order)

    a. For a period of 5 years after filing a Compliance Report, Publicis, Inc. shall retain all final versions of material written communications with each party identified in each Compliance Report and all non-privileged internal memoranda, reports, and recommendations concerning fulfilling Publicis, Inc.'s obligations under this Final Order during the period covered by such Compliance Report.  Publicis, Inc. shall provide copies of these documents to Commission staff upon request.

    b. Publicis, Inc. shall verify each Compliance Report in the manner set forth in 28 U.S.C. § 1746 by the Chief Executive Officer or another officer or employee specifically authorized to perform this function.  Publicis, Inc. shall file its Compliance Reports with the Secretary of the Commission at ElectronicFilings@ftc.gov and the Compliance Division at bccompliance@ftc.gov, as required by Commission Rule 2.41(a), 16 C.F.R. § 2.41(a). In addition, Publicis, Inc. shall provide a copy of each Compliance Report to the Monitor if one has been appointed in this matter.

**V.    MONITOR**

**IT IS FURTHER ORDERED** that:

A.    Publicis, Inc. shall appoint, with the consent of Commission staff, which consent shall not be unreasonably withheld, a Monitor to observe and report on Publicis, Inc.'s

9

compliance with its obligations as set forth in this Order. Within 30 days of the date this Order is issued, Publicis, Inc. shall notify the Commission staff via email at bccompliance@ftc.gov of the identity of the proposed Monitor. Commission staff will have 30 days to give or deny consent to the appointment of that monitor. Upon a denial, Publicis, Inc. shall have 15 days to propose a new Monitor, at which point Commission staff will have another 30 days to give or deny consent. This process will repeat until a Monitor is appointed. If after three months Commission staff and Publicis, Inc. cannot agree on the appointment of a Monitor, the roles will reverse, with the Commission proposing and Publicis, Inc. consenting, and Publicis, Inc. will not unreasonably withhold consent. Publicis, Inc. and the Monitor may enter into an agreement relating to the Monitor's services. Any such agreement:

1. Shall not limit, and the signatories shall not construe it to limit, the terms of this Section V, and to the extent any provision in the agreement varies from or conflicts with any provision in this Section V, Publicis, Inc.  and the Monitor shall comply with this Section V; and

2. Shall include a provision stating that the agreement does not limit, and the signatories shall not construe it to limit, the terms of this Order, and to the extent any provision in the agreement varies from or conflicts with any provision in this Order, Publicis, Inc. and the Monitor shall comply with this Order.

B.    The Monitor shall:

1. Have the authority to monitor Publicis, Inc.'s compliance with the obligations set forth in this Final Order by reviewing the compliance reports submitted pursuant to

10

Section IV and requiring Publicis, Inc. to respond to inquiries regarding the information contained therein;

2. Receive complaints from nonparties regarding Publicis, Inc.'s compliance with this Order;

3. Act in consultation with the Commission or its staff;

4. Serve without bond or other security;

5. Notify staff of the Commission, in writing, no later than 5 days in advance of entering into any arrangement that creates a conflict of interest, or the appearance of a conflict of interest, including a financial, professional or personal conflict; provided, however, that the Parties agree that the fact that the Monitor is employed by Publicis, Inc. does not alone trigger this provision. If the Monitor becomes aware of such a conflict only after it has arisen, the Monitor shall notify staff of the Commission as soon as the Monitor becomes aware of the conflict; and

6. Report in writing to the Commission concerning Publicis, Inc.'s compliance with this Order annually on a date as determined by Commission staff.

C. The Monitor shall serve for a period of 5 years after the date this Order is issued, provided however, that the Chairman of the Commission may at any time terminate the requirement to have a Monitor if he concludes that a Monitor is no longer necessary to accomplish the purposes of the Order.

D. The Monitor shall report to the Chief Executive Officer of Publicis, Inc. If the Monitor raises a concern about Publicis, Inc.'s compliance with this Order to the Chief Executive Officer and the Monitor is not satisfied with the Chief Executive Officer's response, the Monitor shall notify the Board of Directors.

E.    Publicis, Inc. shall:

1.   Cooperate with and assist the Monitor in performing his or her duties for the purpose of reviewing Publicis, Inc.'s compliance with its obligations under this Order, including as requested by the Monitor, providing the Monitor full and complete access to personnel, information and facilities;

2.   Not interfere with the ability of the Monitor to perform his or her duties pursuant to this Order;

3.   Pay the Monitor an annual salary for the duration of the Monitor's employment on the same regular cadence as other Publicis, Inc. employees in the United States, or other compensation as mutually agreed between the Monitor and Publicis, Inc.;

4.   Indemnify and hold the Monitor harmless against any loss, claim, damage, liability, and expense (including attorneys' fees and out of pocket costs) that arises out of, or is connected with, a claim concerning the performance of the Monitor's duties under this Order, except to the extent the loss, claim, damage, liability, or expense results from gross negligence or willful misconduct by the Monitor; and

5.   Not terminate the Monitor's employment or status as Monitor, except (a) with the consent of Commission staff or (b) for serious misconduct, such as the disclosure of confidential information to external parties other than the Commission. Upon such termination, or the departure of the Monitor for another reason, Publicis, Inc. will have 30 days to propose a replacement Monitor, restarting the process detailed in V.A.

F.    Publicis, Inc. may require the Monitor to enter into a customary confidentiality agreement, so long as the agreement does not restrict the Monitor's ability to access personnel,

information, and facilities or provide information to the Commission, or otherwise observe and report on Publicis, Inc.'s compliance with this Order.

## VI.    CHANGE IN DEFENDANT

**IT IS FURTHER ORDERED** that Publicis, Inc. shall notify the Commission at least 30 days prior to:

A.    The proposed dissolution of Publicis, Inc.;

B.    The proposed acquisition, merger, or consolidation of Publicis, Inc.; or

C.    Any other organizational change in Publicis, Inc., including the transfer, sale, or dissolution of subsidiaries, if such change may materially affect compliance obligations arising out of this Order.

## VII.    ACCESS

**IT IS FURTHER ORDERED** that, for the purpose of determining or securing compliance with this Order, and subject to any legally recognized privilege, and upon written request and upon 30 days' notice to Publicis, Inc., Publicis, Inc. shall, without restraint or interference, permit any duly authorized representative of the Commission:

A.    Access, during business office hours of Publicis, Inc. and in the presence of counsel, to all facilities and access to inspect, subject to third-party confidentiality obligations, relevant portions of books, ledgers, accounts, correspondence, memoranda, and all other records and documents in the possession or under the control of Publicis, Inc. necessary to confirm statements in the operative Compliance Report, which copying services shall be provided by Publicis, Inc. at its expense; and

B.      To interview, either informally or on the record, officers, directors, or employees of

Publicis, Inc., in the presence of counsel, regarding matters related to compliance with this

Order.

## VIII.   COOPERATION AGREEMENT

**IT IS FURTHER ORDERED** that Publicis, Inc. agrees to (a) cooperate with the

Commission in any investigation into Publicis, Inc.'s compliance with the Final Order; (b)

cooperate with the Commission in any investigation or litigation relating to the subject matter of

the Complaint, including by making employees available for interviews or testimony, facilitating

interviews with former employees, accepting service of any compulsory process, not

unreasonably objecting to or seeking to quash any such compulsory process, and voluntarily

providing and authenticating documents and data reasonably sought by the Commission; and (b)

cooperate with any request by the Commission in defending this Final Order against a challenge

by a third party, including through litigation and any appeals.

## IX.     TERM

**IT IS FURTHER ORDERED** that this Final Order shall terminate 10 years from the

date it is issued.

## X.      ENFORCEMENT OF FINAL ORDER

A.      The Commission retains and reserves all rights to enforce the provisions of this Final

Order, including the right to seek an order of contempt from the Court. Publicis, Inc. agrees that

in any civil contempt action, any motion to show cause, or any similar action brought by the

Commission regarding an alleged violation of this Final Order, the Commission may establish a

violation of this Final Order and the appropriateness of any remedy therefor by a preponderance

of the evidence, and Publicis, Inc. waives any argument that a different standard of proof should apply.

B.      The Final Order should be interpreted to give full effect to the procompetitive purposes of the antitrust laws, including Section 1 of the Sherman Act and Section 5 of the Federal Trade Commission Act. Publicis, Inc. agrees that it may be held in contempt of, and that the Court may enforce, any provision of this Final Order that, as interpreted by the Court in light of these procompetitive principles and applying ordinary tools of interpretation, is stated specifically and in reasonable detail, whether or not it is clear and unambiguous on its face. In any such interpretation, the terms of this Final Order should not be construed against either party as the drafter.

C.      In any enforcement proceeding in which the Court finds that Publicis, Inc. has violated this Final Order, the Commission may apply to the Court for an extension of this Final Order, together with such other relief as may be appropriate.

## XI.    RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Final Order.

**IT IS SO ORDERED** on this **15th day of April 2026.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

*SO STIPULATED AND AGREED:*

**FOR PLAINTIFF FEDERAL TRADE COMMISSION**

Of Counsel:

DANIEL GUARNERA
Director

KELSE MOEN
Deputy Director

Federal Trade Commission
Bureau of Competition

/s/ Justin Epner
JUSTIN EPNER
Bar Number: DC Bar # 1028431
Ph: (202) 326-2942; jepner@ftc.gov
NICHOLAS BUSH
Bar Number: DC Bar # 1011001
Ph: (202) 326-2848; nbush@ftc.gov
CASSANDRA EHLY
Bar Number: DC Bar # 90034416
Ph: (202) 326-2975; cehly@ftc.gov
LINCOLN MAYER
Bar Number: DC Bar # 992050
Ph: (202) 326-3324; lmayer@ftc.gov
THEODORE ZANG
Bar Number: NY Bar # 2186518
Ph: (212) 607-2816; tzang@ftc.gov

Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC 20580

PATRICIA GALVAN
Assistant Director

HELDER AGOSTINHO
Deputy Assistant Director

Technology Enforcement Division, Bureau of
Competition

/s/ Anne LeJeune
ANNE LEJEUNE
Texas Bar No. 24054286
(Local Counsel)
Ph: (214) 979-9371; alejeune@ftc.gov
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201

*Attorneys for Plaintiff Federal Trade Commission*

Date:    April 15, 2026

16

**FOR PLAINTIFF STATE OF FLORIDA**

JAMES UTHMEIER
Attorney General, State of Florida

JASON HILBORN
Deputy Attorney General for Civil Enforcement

<u>/s/ *Lizabeth Brady*</u>                           Date:   April 15, 2026
Lizabeth Brady
Director, Antitrust Division
Florida Bar No. 457991
Colin Fraser
Senior Assistant Attorney General
Florida Bar No. 104741

Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Email: Liz.Brady@myfloridalegal.com
Email: Colin.Fraser@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

**FOR PLAINTIFF STATE OF INDIANA**

THEODORE E. ROKITA
ATTORNEY GENERAL OF INDIANA
Attorney No. 18857-49

/s/ *Scott L. Barnhart*                                    Date:    April 15, 2026
Scott L. Barnhart, Atty. No. 25474-82
Chief Counsel and Director of Consumer Protection

OFFICE OF INDIANA ATTORNEY
GENERAL TODD ROKITA
Indiana Government Center South, 5th Floor,
302 W. Washington Street
Indianapolis, IN 46204
Tel.: (317) 232-6309
Email: Scott.Barnhart@atg.in.gov

/s/ *Jesse Moore*
Jesse Moore, Atty. No. 37654-49
Deputy Attorney General

OFFICE OF INDIANA ATTORNEY
GENERAL TODD ROKITA
Indiana Government Center South, 5th Floor,
302 W. Washington Street
Indianapolis, IN 46204
Phone: (317) 232-4956
Fax: (317) 232-7979
Email: Jesse.Moore@atg.in.gov

*Counsel for Plaintiff State of Indiana*

**FOR PLAINTIFF STATE OF IOWA**

BRENNA BIRD
Attorney General, State of Iowa

/s/ *Daniel L. Barnes*                                    Date:    April 15, 2026
Daniel L. Barnes (AT0015826)
Deputy Attorney General for Consumer Protection

Office of Iowa Attorney General Brenna Bird
1305 E. Walnut St. Des Moines, Iowa 50319
Tel.: (515) 281-8772
Email: daniel.barnes@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

**FOR PLAINTIFF STATE OF MONTANA**

AUSTIN KNUDSEN
Attorney General of Montana

<u>/s/ Brent Mead</u>                                      Date:   April 15, 2026
Brent Mead (MT #68035000)
*Deputy Solicitor General*

Montana Department of Justice
215 North Sanders
P.O. Box 200151
Helena, MT 59620-0151
(406) 444-2026
brent.mead2@mt.gov

*Counsel for Plaintiff State of Montana*

**FOR PLAINTIFF STATE OF NEBRASKA**

MICHAEL T. HILGERS
Attorney General of Nebraska

/s/ *Cody S. Barnett*                                    Date:   April 15, 2026
Cody S. Barnett
Solicitor General

Nebraska Department of Justice
1445 K Street, Room 2115
Lincoln, Nebraska 68508
Tel.: (402) 471-2683
Email: cody.barnett@nebraska.gov

*Counsel for Plaintiff State of Nebraska*

**FOR PLAINTIFF STATE OF TEXAS**

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil
Litigation

Office of the Texas Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 936-1162
Fax: (512) 473-8301
thomas.york@oag.texas.gov
amber.fly@oag.texas.gov
kay.dannenmaier@oag.texas.gov

THOMAS D. YORK
Chief, Antitrust Division
Texas State Bar No. 24095531

/s/ *Katherine S. Dannenmaier*
KATHERINE S. DANNENMAIER
Assistant Attorney General, Antitrust Division
Texas State Bar No. 24125093

AMBER L. FLY
Assistant Attorney General
Antitrust Division
Texas State Bar No. 24101761

*Counsel for Plaintiff State of Texas*

Date:      April 15, 2026

22

**FOR PLAINTIFF STATE OF UTAH**

DEREK BROWN
Attorney General of Utah

*/s/ Marie W.L. Martin*                                  Date:   April 15, 2026
Douglas Crapo (14620)
Deputy Attorney General
Marie W.L. Martin (18712)
Division Director
160 E. 300 S., 5th Floor
PO Box 140830
Salt Lake City, UT 84114
(801) 366-0310
dcrapo@agutah.gov
mwmartin@agutah.gov

*Counsel for Plaintiff State of Utah*

**FOR PLAINTIFF STATE OF WEST VIRGINIA**

JOHN B. MCCUSKEY
Attorney General of West Virginia

_/s/ Douglas L. Davis_                                     Date:    April 15, 2026
Douglas L. Davis
Senior Assistant Attorney General
West Virginia Attorney General's Office
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax:    (304) 558-0184
douglas.l.davis@wvago.gov

_Counsel for Plaintiff State of West Virginia_

24

**FOR PUBLICIS, INC.**


_/s/ David B. Anders_                          Date:   April 15, 2026
David B. Anders
Wachtell Lipton Rosen & Katz
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1307
Email: DBAnders@wlrk.com

_Attorney for Publicis, Inc._



_/s/ Robert Vyverberg_                          Date:   April 15, 2026
Robert Vyverberg
Vice President & Assistant Secretary, Publicis, Inc.

_Officer of Publicis, Inc._