BEFORE THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NEWSGUARD TECHNOLOGIES, . Case Number 26-cv-353

Plaintiff,

vs.

FEDERAL TRADE COMMISSION, et al., . April 22, 2026 . 2:04 p.m.

Defendants.

- - - - - - - - - - - - - - - -

TRANSCRIPT OF ORAL RULING
BEFORE THE HONORABLE DABNEY L. FRIEDRICH
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff: ROBERT CORN-REVERE, ESQ.
SAMUEL RUDOVSKY, ESQ.
Foundation for Individual Rights and Expression
700 Pennsylvania Avenue Southeast
Suite 340
Washington, D.C. 20003

For the Defendants: ALEX POTAPOV, ESQ.
ETHAN BECK, ESQ.
THOMAS BYRON, ESQ.
ALAN BAKOWSKI, ESQ.
ROBERT ZUVER, JR., ESQ.
Federal Trade Commission
600 Pennsylvania Avenue Northwest
Washington, D.C. 20580

Official Court Reporter: SARA A. WICK, RPR, CRR
333 Constitution Avenue Northwest
Room 4704-B
Washington, D.C. 20001
202-354-3284

Proceedings recorded by stenotype shorthand.
Transcript produced by computer-aided transcription.

P R O C E E D I N G S

(All participants present telephonically.)

COURTROOM DEPUTY: We are on the record in Civil Action 26-353, NewsGuard Technologies versus the Federal Trade Commission, et al.

Starting with plaintiff's counsel, please state your appearance for the record.

MR. CORN-REVERE: This is Robert Corn-Revere for NewsGuard.

MR. RUDOVSKY: This is Samuel Rudovsky for NewsGuard.

THE COURT: Who do we have for the FTC?

MR. POTAPOV: Alex Potapov for defendants, Your Honor.

MR. BYRON: And Thomas Byron for defendants.

MR. BECK: Ethan Beck for defendants.

MR. BAKOWSKI: Alan Bakowski for defendants.

MR. ZUVER: And Robert Zuver for defendants.

THE COURT: Is that everybody?

UNIDENTIFIED SPEAKER: It is.

THE COURT: Okay. Since the plaintiff's motion for a preliminary injunction, the Court has received the defendants' notice of withdrawal of the Civil Investigative Demand and the plaintiff's response to the notice. The Court also understands that the government has moved to dismiss the *Media Matters* appeal.

The Court is now prepared to rule on NewsGuard's motion for

preliminary injunction. This oral ruling will constitute my ruling on the motion.

Before the Court is NewsGuard's motion for a preliminary injunction enjoining the defendants from initiating any action to enforce the Civil Investigative Demand or the OmniCom-IPG merger condition during the course of this litigation until otherwise ordered by this Court. For the reasons that follow, the Court will deny the motion.

A preliminary injunction is an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to such relief. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22.

To prevail, a party seeking preliminary relieve must make a clear showing that four factors taken together warrant relief: Likely success on the merits; likely irreparable harm in the absence of preliminary relief; a balance of the equities in its favor; and accord with the public interest. *League of Women Voters of the United States v. Newby*, 838 F.3d 1, 6, D.C. Circuit 2016.

The party seeking a preliminary injunction bears the burden of production and persuasion. *Qualls v. Rumsfeld*, 357 F.Supp.2d 274, 281, D.D.C. 2005.

At a minimum, NewsGuard has failed to demonstrate imminent, irreparable harm. To satisfy the irreparable harm requirement, the alleged injury must be both certain and great, actual and

not theoretical, imminent, and beyond remediation. *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297, D.C. Circuit 2006.

NewsGuard alleges that it will suffer irreparable harm absent an injunction because, one, the alleged First Amendment harms caused by the CID and merger conditions are themselves irreparable; two, compliance with the CID has been burdensome and costly; and three, the CID and merger condition have caused NewsGuard to lose existing and future contracts.

None of NewsGuard's asserted injuries constitutes irreparable harm sufficient to establish entitlement to preliminary relief.

To start, the defendants notified the Court on April 17 that they have withdrawn the CID that NewsGuard challenges. While a defendant's voluntary cessation of a challenged activity does not render a case moot unless it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur, *Friends of the Earth, Inc., v. Laidlaw Environmental Services*, 528 U.S. 167, 190, the Commission's withdrawal of the CID does not address NewsGuard's alleged ongoing -- does address NewsGuard's alleged ongoing irreparable harm as to the CID and obviate the need for an order enjoining the defendants from initiating any action to enforce the CID.

Furthermore, an alleged deprivation of a constitutional right does not, standing alone, amount to irreparable harm.

Even in the sensitive area of freedom of speech where the risk of chilling protected conduct is especially high, courts do not axiomatically find that a plaintiff will suffer irreparable harm simply because it alleges a violation of its rights. *Hanson v. District of Columbia*, 120 F.4th 223, 224, D.C. Circuit 2024.

Accordingly, a party seeking a preliminary injunction must do more than merely allege a violation of freedom of expression in order to satisfy the irreparable injury prong. It must establish that it is or will be engaging in constitutionally protected behavior and that the allegedly impermissible government action would chill that conduct. *Chaplaincy of Full Gospel Churches*, 454 F.3d at 301. There is no per se rule that a violation of freedom of expression automatically constitutes irreparable harm. *Chaplaincy of Full Gospel Churches*, 454 F.3d at 301.

NewsGuard has not made such allegations here. Indeed, at the preliminary injunction hearing, NewsGuard acknowledged that it has not alleged that its speech had been chilled. PI hearing transcript 5, 9 through 13. Rather, NewsGuard asserts that the proper inquiry is whether the conditions being imposed or the regulations or threats being imposed would chill a person of ordinary firmness. PI hearing transcript 21, 19 through 23.

That standard, however, is a component of the merits standard for NewsGuard's First Amendment retaliation claim. It is not the standard by which the Court assesses irreparable

harm.

Citing *Elrod v. Burns*, 427 U.S. 347, NewsGuard argues that any loss of First Amendment freedom constitutes irreparable injury. But in *National Treasury Employees Union v. United States*, 927 F.2d 1253, D.C. Circuit 1991, the D.C. Circuit did not find irreparable harm where federal employees sought a preliminary injunction against ethics laws that allegedly violated their First Amendment rights by restricting their ability to make appearances, deliver speeches, and write articles for compensation.

While the Court acknowledged Elrod's broad pronouncement that the loss of First Amendment freedoms for even minimal periods of time may constitute irreparable injury, it emphasized that a preliminary injunction is not appropriate unless the party seeking it can demonstrate that First Amendment interests are either threatened or in fact being impaired at the time the relief is sought. 927 F.2d at 1254.

Because nothing in the record convinced the Court that the federal employees would cease speaking or writing before the district court resolved their constitutional challenges, the Court held that the employees had not satisfied the irreparable harm requirement. 427 -- I'm sorry, 927 F.2d at 1255.

As stated, NewsGuard has not alleged any such chilling effect here. Contrast, for example, *Media Matters for America v. FTC*, Civil Action Number 25-5302, 2025 Westlaw

2988966 at 10, D.C. Circuit, October 23, 2025. Irreparable harm satisfied where media watchdog documented concrete harms to its speech activities.

The costs associated with complying with the CID also fall short of establishing irreparable harm. NewsGuard alleges that the CID has placed substantial burdens on the organization, requiring it to produce 40,000 documents and expend over 30 percent of its profits. PI hearing transcript 4, 7 through 11.

But the D.C. Circuit has held that recoverable monetary loss may constitute irreparable harm only where the loss threatens the very existence of the movant's business. *Wisconsin Gas Company v. FERC*, 458 F.2d 669, 674, D.C. Circuit 1984.

NewsGuard has not alleged facts suggesting that standard has been met here.

Finally, NewsGuard's reliance on *United States v. Playboy Entertainment Group, Inc.*, 529 U.S. 803, is misplaced. In *Playboy*, the Supreme Court affirmed a three-judge district court's order declaring a federal statute unconstitutional under the First Amendment and enjoining its enforcement. As relevant here, the Supreme Court found that the statute violated the First Amendment in part because it limited *Playboy*'s market as a penalty for its programming choice. 529 U.S. at 812.

NewsGuard seizes on that language, arguing that the loss of profits to a First Amendment business constitutes irreparable

harm when the business has been targeted because of its editorial viewpoint. PI hearing transcript 12, 25, through 13, 4.

The Court disagrees. To start, the Supreme Court did not conduct an irreparable harm analysis in *Playboy*. Rather, the language on which NewsGuard relies comes from the Court's reasoning as to why the statute in question constituted a content-based restriction. See *Playboy*, 529 U.S. at 811 through 13.

Further, *Playboy* involved a permanent injunction, not a preliminary one. And while a party seeking a permanent injunction satisfies the irreparable harm requirement by demonstrating that it actually has suffered or is likely to suffer irreparable harm, *in re Federal Bureau of Prisons' Execution Protocol Cases*, 980 F.3d 123, 137, D.C. Circuit 2020, a party seeking a preliminary injunction must show that it is facing ongoing irreparable harm warranting the Court's immediate intervention.

For the reasons already explained, NewsGuard's pocketbook injuries do not constitute such harm.

For similar reasons, NewsGuard's alleged loss of existing and future contracts does not satisfy its irreparable harm burden. NewsGuard has not explained why these business harms are irreparable or why it could not reinitiate these contracts should the Court ultimately hold the CID or the merger condition

unlawful. *Cf. Chaplaincy of Full Gospel Churches*, 454 F.3d at 298. Mere injuries, however substantial, in terms of money, time, and energy necessarily expended in the absence of a stay are not enough to establish irreparable harm.

For these reasons, the Court will deny NewsGuard's motion for a preliminary injunction enjoining the defendants from initiating any action to enforce the CID or merger condition, and the denial is without prejudice.

I'm going to suggest that the parties confer and propose a schedule for further proceedings.

Let me ask counsel, starting with Mr. Corn-Revere, is seven days adequate time for you to confer and file something with the Court?

MR. CORN-REVERE: I believe it is, Your Honor.

THE COURT: All right. Is that okay with the defendants?

MR. POTAPOV: Absolutely, Your Honor.

THE COURT: All right. In that case, I will order that the parties confer and that you file a proposed schedule for further proceedings on or before April 29. And to the extent you disagree, of course, feel free to provide your respective positions, and if necessary, I will arrange another hearing to discuss, if the Court needs your input.

Any remaining questions?

MR. CORN-REVERE: Yes, Your Honor. This is Robert

Corn-Revere.

My question is whether or not there will be any written opinion that is issued.

THE COURT: No. That's what I said at the outset, that this oral ruling would constitute my ruling. I will just issue a brief order denying the motion on the docket, but the transcript serves as the opinion.

MR. CORN-REVERE: Thank you, Your Honor.

THE COURT: Anything else?

MR. POTAPOV: No questions from defendants, Your Honor.

THE COURT: All right, everyone. Thank you for being available.

(Proceedings adjourned at 2:17 p.m.)

CERTIFICATE OF OFFICIAL COURT REPORTER

I, Sara A. Wick, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Sara A. Wick April 22, 2026

SIGNATURE OF COURT REPORTER DATE