## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NEWSGUARD TECHNOLOGIES, INC.,

    *Plaintiff*,

    v.

FEDERAL TRADE COMMISSION and
ANDREW FERGUSON, in his official capacity
as Chairman of the Federal Trade Commission,

    *Defendants*.

Case No.: 1:26-cv-00353-DLF

Hon. Dabney L. Friedrich

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO HOLD PROCEEDINGS IN ABEYANCE PENDING INTERLOCUTORY APPEAL

Nothing in Defendants' Opposition (ECF 41) alters the fact that granting Plaintiff's Motion is in the "interest[] [of] judicial economy" and causes no "possible hardship to the parties." *Ready to Win v. Federal Election Comm'n*, No. 22-3282, 2023 WL 10512144, at *2 (D.D.C. July 28, 2023) (citations and internal quotation marks omitted). Both considerations, which guide courts' analysis of such motions, counsel in favor of abeyance.

First, judicial economy favors waiting for the D.C. Circuit to clarify the irreparable harm standard before the parties brief—and this Court decides—any renewed request for preliminary injunctive relief. Proceeding in parallel would risk unnecessary expenditure of party and judicial resources. Second, the FTC identifies no material hardship from a short pause while NewsGuard seeks expedited appellate review. *See* Appellant's Mot. to Expedite, *NewsGuard Technologies, Inc. v. Federal Trade Commission*, No. 26-5138 (D.C. Cir. May 28, 2026) (Doc. # 2175504). The FTC does not assert that abeyance would alter the status quo or impair any agency action. And its asserted interest in "resolv[ing] the case promptly on threshold grounds," ECF 41 at 4, is not,

1

without more, evidence of hardship. The FTC may raise any threshold arguments—jurisdictional or otherwise—following resolution of NewsGuard's appeal, and the agency has not identified any concrete harm from briefing those issues at that time.[1] *See Ready to Win*, 2023 WL 10512144, at *2 (granting First Amendment plaintiff's motion to stay pending interlocutory appeal from denial of its motion for a preliminary injunction, noting that "the FEC is unlikely to suffer any prejudice resulting from" the stay).

The FTC instead rests on the unremarkable assertion that an interlocutory appeal from an order denying preliminary relief does not automatically stay district court proceedings. *See* ECF 41 at 3, 5. NewsGuard does not contend otherwise. But that principle does not resolve whether abeyance is appropriate. The inquiry "turns upon the unique circumstances of the case." *Khadr v. Bush*, 587 F. Supp. 2d 225, 229 (D.D.C. 2008). And abeyance is warranted where an interlocutory appeal is likely to "assist in determination of questions of law" bearing directly on the next phase of district court litigation. *Wilderness Soc'y v. Trump*, Nos. 1:17-cv-2587, 1:17-cv-2591, 2024 WL 4880449, at *2 (D.D.C. Nov. 25, 2024). That is so here: NewsGuard anticipates seeking renewed preliminary relief after amending its Complaint, and the D.C. Circuit is considering the irreparable harm standard that would govern that request.[2]

---

[1] The FTC's jurisdictional arguments were fully briefed at the preliminary injunction stage, and the agency may renew them in subsequent district court briefing. To the extent jurisdictional issues are raised in the appeal, the D.C. Circuit's treatment of those issues may further inform proceedings in this Court.

[2] *Wrenn v. District of Columbia*, 179 F. Supp. 3d 135 (D.D.C. 2016), does not dictate otherwise. *Wrenn* emphasized that "the question of whether to stay a particular case is inextricably intertwined with the nature of the specific case." *Id.* at 137. There, after denying preliminary relief, the court set a pretrial conference regarding discovery. *Id.* at 136, 139. Here, by contrast, the anticipated next phase of district court litigation is not discovery. The Court denied NewsGuard's preliminary injunction motion without prejudice, and NewsGuard anticipates seeking renewed preliminary relief after amending its Complaint. That motion would be governed by the irreparable harm standard at issue in NewsGuard's appeal.

The FTC's suggestion that NewsGuard is taking a "lackadaisical approach" in seeking temporary abeyance pending expedited appellate review is wrong. ECF 41 at 7. The agency points to *Benisek v. Lamone*, 585 U.S. 155 (2018), for the proposition that delay in pressing a First Amendment retaliation action may weigh against preliminary relief. But the plaintiffs in *Benisek* "did not move for a preliminary injunction . . . until *six years*" after the challenged congressional map was adopted and "*over three years* after the plaintiffs' first complaint was filed." *Benisek*, 585 U.S. at 159 (emphasis added). By stark contrast, NewsGuard moved for a preliminary injunction within days of filing its Complaint, noticed its interlocutory appeal the same day this Court denied the motion, and has asked the D.C. Circuit to expedite that appeal. NewsGuard is pursuing its claims quickly and efficiently.

Holding proceedings in abeyance pending the D.C. Circuit's resolution of NewsGuard's interlocutory appeal preserves judicial economy and does not prejudice either party. NewsGuard anticipates amending its Complaint to account for the *Dentsu* consent orders and other important factual developments and will likely seek renewed preliminary injunctive relief at that time. If those steps proceed before the D.C. Circuit rules, the parties may be required to brief, and this Court may be asked to decide, a renewed preliminary injunction motion under a legal standard the D.C. Circuit is actively considering. NewsGuard's appeal is likely to resolve a critical legal question bearing directly on the next phase of district court litigation, and the FTC has identified no hardship from a short pause pending expedited appellate review. Abeyance is warranted.

Dated: June 5, 2026                    Respectfully Submitted,

                                       /s/ Robert Corn-Revere
                                          Robert Corn-Revere
                                          (D.C. Bar No. 375415)
                                       James C. Grant*
                                          (WA Bar No. 14358)
                                       Sara E. Berinhout**
                                          (MA Bar No. 703217)
                                        Samuel Rudovsky*
                                          (PA Bar No. 335724)
                                          Not Admitted to the D.C. Bar. D.C. Practice
                                          limited to U.S. federal courts and related
                                          matters under D.C. Ct. App. R. 49(c)(3).
                                       FOUNDATION FOR INDIVIDUAL
                                          RIGHTS AND EXPRESSION
                                       700 Pennsylvania Ave. SE, Ste. 340
                                       Washington, DC 20003
                                       (215) 717-3473
                                       bob.corn-revere@fire.org
                                       jim.grant@fire.org
                                       sara.berinhout@fire.org
                                       sam.rudovsky@fire.org

                                       *Admitted pro hac vice
                                       **Pro hac vice forthcoming

                                       *Counsel for Plaintiff*